147 So.2d 247 (1962)
Edward JOHNSON and Edison Johnson
v.
JAHNCKE SERVICE, INC. and General Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local #270, a Voluntary Unincorporated Association Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO.
No. 860.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Frank S. Bruno and J. O. Weilbaecher, III, New Orleans, for plaintiffs-appellants.
Samuel Lang and Frederick S. Kullman, of Kullman & Lang, New Orleans, for Jahncke Service, Inc., defendant-appellee.
Jackson & Hess, Victor H. Hess, Jr., New Orleans, for General Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local #270, defendant-appellee.
Before YARRUT, SAMUEL and JANVIER, JJ.
YARRUT, Judge.
Plaintiffs appeal from a judgment of the District Court dismissing their suit against Defendants, Jahncke Service, Inc., their former employer, and General Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local # 270, a voluntary unincorporated labor union affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, of which Plaintiffs are members.
*248 Plaintiffs allege that a panel of arbitrators which refused to restore them to their former positions with the employer was improperly constituted; and seek damages against the employer in favor of each Plaintiff for $8,553.60, itemized as $2,553.60 loss of earnings for 38 weeks, $5,000.00 for humiliation, mental suffering and embarrassment, and $1,000.00 for attorneys' fees; or, alternatively, for the annulment of the action of the arbitrators and a remand for proper arbitration.
Defendant, Jahncke Service, Inc., answered to the effect that Plaintiffs' complaint was processed in strict accordance with the Union bargaining contract.
The Union answered that the arbitration was held at its request; and the arbitrators selected as provided in the Union contract, one by each of the parties, who in turn and without dissent, selected the third, Elmer D. Flanders, prominent and respected member of the New Orleans Bar; and that Plaintiffs were present at the hearing and made no protest; that Mr. Flanders cast the deciding vote against Plaintiffs, holding they were not entitled to reinstatement by the employer. The Union admitted it had exhausted the grievance procedure set forth in the Union contract, and though it could not prevail upon Mr. Flanders to agree with it that Plaintiffs should be reinstated, it could not find any irregularity in the appointment or procedure of the arbitrators.
Plaintiffs' counsel contends that, as two of the arbitrators were appointed by the respective parties (the employer and the Union) and were partial to their respective appointees, the arbitration was not and could not be fair and impartial. There is no complaint that the arbitrators were not selected in strict accordance with the Union contract, under which they were appointed; viz.:
"In case a controversy should arise and in which a settlement cannot be reached, it shall be submitted to a Board of Arbitration consisting of three members. One member shall be elected by the Employer, one by the Union, and the third by the first two named. Said Board shall render a decision which shall be final and binding on both parties."
We shall pretermit the question whether Plaintiffs have a right of action because they were not parties to the Union contract. The Union actually represented them at the arbitration hearing at which they were present. There is no charge that the Union violated any of their rights or was guilty of any fraud or misconduct. Strangely enough, Plaintiffs contend that, as the Union's appointee was favorable to and advocated its cause, and the employer's appointee was favorable to and advocated its cause, the arbitration panel did not give them a fair and impartial hearing. Such a contention is untenable.
It would be strange indeed if an interested party, with the right to select an arbitrator, would select one antagonistic to it. An arbitrator selected by one of the contesting parties, is effectually an advocate of such party. The third party mutually selected by them is expected to be the impartial and final judge.
Plaintiffs were present at the hearing, made no objection to the arbitrators, requested no continuance, and were content to await the decision of the arbitrators. Under any circumstances, in the absence of fraud, they are estopped to complain. Even if Plaintiffs' position were correct that the arbitrators were biased in favor of their respective parties, thereby constituting Mr. Flanders the sole judge, they waived their right to a three-man board by appearing and submitting thereto without protest or objection. Bryant v. Levy, 52 La.Ann. 1649, 28 So. 191 (1900); Ironrite, Inc. v. International Union of Electrical Workers, 28 L.A. 398 (1956); Amalgamated Clothing Workers v. A. L. Kornman Company, 41 LRRM 2276 (D.C.Tenn.1957); O'Malley v. Petroleum Maintenance Company, 48 Cal.2d 107, 308 P.2d 9, (1957); In re Joseph F. Eagan, Inc., 28 L.A. 853 (N.Y.Sup.Ct. *249 1957); Grant v. Atlas Powder Company, 241 F.2d 715 (6th Cir.1957).
For the above and foregoing reasons, the judgment of the District Court in favor of Defendants-Appellees is affirmed; Plaintiffs to pay all costs in both Courts.
Affirmed.