326 So.2d 39 (1976)
Charles H. FINKELSTEIN, Appellant,
v.
William Godfrey SMITH et al., Appellees.
No. Y-182.
District Court of Appeal of Florida, First District.
February 3, 1976.
Benjamin K. Phipps and Roger A. Coe, Tallahassee, for appellant.
C. DuBose Ausley, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellees.
SMITH, Judge.
May a party to a tripartite arbitration agreement name himself as one of the arbitrators? Ch. 682, F.S. 1973. The circuit court so held and dismissed appellant Finkelstein's petition seeking relief from appellees' appointment of appellee Ahrano, who with the other appellee trustees are the lessors under the lease which embodies the agreement:
"Should the parties hereto be unable to agree upon the value of the land ..., then and in that event, the value of the land ... shall, at the request of the Lessor, be determined by a Board of Arbitrators. Said Board shall consist of three persons conversant with *40 real estate and rental values in the City of Tallahassee, one of whom shall be appointed by the Lessor and one by the Lessee immediately after the Lessor requests the formation of the Board, and the third shall be selected within ten (10) days after their appointment by these two... ."
Recognizing that neither the Florida Arbitration Code nor judicial decisions require that arbitrators appointed by the disputants be as impartial as the third arbitrator named by those first appointed, the trial court held that "the degree of favoring or the amount of partiality is immaterial because it cannot be measured" and, consequently, that the partiality of appellee Ahrano to the position defended by himself and his fellow trustees does not disqualify him.
It is true that arbitrators appointed by disputants to a tripartite panel are expected by the disputants and should be understood by the courts to act as partisans only one step removed from the controversy. Astoria Medical Group v. Health Ins. Plan of Greater N.Y., 11 N.Y.2d 128, 227 N.Y.S.2d 401, 182 N.E.2d 85 (1962); Johnson v. Jahncke Service, Inc., 147 So.2d 247 (La. App. 4th, 1962); Phillips, A Lawyer's Approach to Commercial Arbitration, 44 Yale L.J. 31, 47 (1934). The Florida Arbitration Code, by its unexplained reference to "an arbitrator appointed as a neutral" [§ 682.13(1)(b), see also § 682.06(3), F.S. 1973], implies a similar expectation by the legislature. See also Stef Shipping Corp. v. Norris Grain Co., 209 F. Supp. 249, 253 (S.D.N.Y. 1962).
Yet, in the concept of arbitration and in the usual meaning of the verb "appoint" and its synonyms is the clear implication that, because the disputants themselves are unable to resolve their controversy, others appointed by them or by their appointees can and should do so. In the selection of the third arbitrator the arbitration process makes good use of the separate identities of disputant and arbitrator, notwithstanding their possible unity in partisanship. We conclude that appellee Ahrano, a named party to the lease in controversy, was ineligible for appointment as arbitrator. Astoria, 227 N.Y.S.2d at 406, 182 N.E.2d at 88, n. 1 (dictum).
We have drawn the line between identities knowing that a literal application of our standard would permit a disputant corporation to nominate its president or director, whose functional identity with the corporate entity may be as close as that of Ahrano with the trust. The New York Court of Appeals in Astoria, supra, reached just such a result. See also West Towns Bus Co. v. Division 241, etc., 26 Ill. App.2d 398, 168 N.E.2d 473 (Ill. App. 1st, 1960). Today, we simply recognize and do not decide the question of whether certain relationships between persons or between persons and artificial entities make them in effect identical and thus ineligible for appointment.
Reversed.
BOYER, C.J., and SACK, MARTIN, Associate Judge, concur.