Alice Elaine COOK, Appellant,

v.

KARTRIDG PAK COMPANY and Consolidated Foods Corporation d/b/a Rudy's Farm Company, Appellees.

No. 87–1196.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1987.

Decided March 1, 1988.

---

Mart Vehik, Little Rock, Ark., for appellant.

Alston Jennings, Jr., Little Rock, Ark., for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

In this personal injury action, Alice Elaine Cook appeals from a district court[1] judgment entered on a jury verdict in favor of Kartridg Pak Company (Kartridg). We affirm.

Mrs. Cook operated a sausage packing machine at Rudy's Farm Company. Kartridg had manufactured the machine and had leased it to Rudy's. On July 17, 1984, as Mrs. Cook attempted to make adjust-

ments to the machine, its crimping head caught her right hand, cut off her little finger, and crushed her middle and ring finger. As delivered, the machine was equipped with a safety door that prevented access to its moving parts. After the machine was put into service, however, the packages of sausage would jar the safety door open, interrupting production. To remedy this problem, Rudy's employees rewired the door to permit the machine to be operated with the door open. This allowed employees to adjust the machine while it was running.

Cook first contends that the trial court erred in refusing to give Arkansas Model Jury Instruction 1003, which provides:

> The manufacturer of a sausage packaging machine has a duty to give reasonable and adequate instructions with respect to the conditions and methods of its safe use when danger is reasonably foreseeable in its use, unless the danger is known to the user or is reasonably discoverable by him. A violation of this duty is negligence.

Two copies of an operation and maintenance manual were sent along with the machine, but no operating instructions were printed on the machine. Cook contends that the jury should have determined whether Kartridg was negligent in not printing the operating instructions on the machine. Kartridg objected to the instruction on the ground that no evidence was presented that the operating instructions were inadequate. Cook's expert witness, Dr. Jim Akin, testified that the machine should have contained a warning that the machine was hazardous. He did not, however, testify that the operating instructions should have been printed on the machine. The court therefore instructed the jury on the defendant's duty to warn of any dangers, but refused the instruction on a duty to give adequate operating instructions.

The trial court correctly refused to give Cook's proffered instruction. Although state law determines the substance

1. The Honorable George E. Howard, United States District Judge for the Eastern and Western Districts of Arkansas.

of jury instructions in diversity actions, the granting or denial of instructions is a procedural matter governed by federal law. *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 904 (8th Cir.1985). "[A] court has no duty to instruct on matters about which no evidence has been presented." *Gisriel v. Uniroyal, Inc.*, 517 F.2d 699, 703 (8th Cir. 1975). Some evidence must be introduced to warrant the giving of an instruction on that matter. *Wright v. Farmers Co-op of Arkansas and Oklahoma*, 620 F.2d 694, 697 (8th Cir.1980). Because Cook offered no testimony that the operating instructions were inadequate, we hold that the evidence did not warrant the requested instruction.

█ Cook next contends that the trial court unfairly restricted discovery. Cook sought information regarding other injuries reported to Kartridg by persons operating machines similar in design, principle, and function to the one that injured Cook. The district court, however, limited discovery to injuries "similar to plaintiff's such as incidents where people received injuries from the crimping head of either this model packaging machine or similar models." Addendum at 7.

█ A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice. *O'Neal v. Riceland Foods*, 684 F.2d 577, 581 (8th Cir.1982). A district court is afforded wide discretion in its handling of discovery matters, and its decisions will be upheld "unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* (quoting *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir.1977)). Although Cook's broader discovery request arguably could have led to the discovery of additional admissible evidence, the district court's order was not so restrictive as to be considered a gross abuse of discretion.

The judgment is affirmed.[2]

---

**2.** Because we affirm the judgment, we need not reach Cook's contention that the trial court erred in directing a verdict for Kartridg on the punitive damage claim.