Ricardo LOZANO, Plaintiff-Appellee,

v.

MARYLAND CASUALTY COMPANY,
A Foreign Corporation,
Defendant-Appellant.

Nos. 87–5037, 87–5228.

United States Court of Appeals,
Eleventh Circuit.

Aug. 1, 1988.

James F. Dougherty II, Miami Beach, Fla., for defendant-appellant.

Don Russo, Mark Hicks, Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Defendant, Maryland Casualty Company, appeals the district court's summary judg-

ment confirming an arbitration award and awarding attorney's fees, on the following grounds: there existed evident partiality on the part of the neutral arbitrator within the meaning of Fla.Stat.Ann. § 682.13(1)(b); material questions of fact precluded summary judgment; the district court improperly limited discovery; and the trial court should not have assessed attorney's fees. We affirm.

The arbitration grew out of a claim by Ricardo Lozano, who received substantial injuries in an automobile accident, under the provisions of his uninsured motorist policy with Maryland Casualty Company. Under the plan of arbitration, each party named an arbitrator, and those two were to select a third, so-called "neutral" arbitrator. After plaintiff's three nominations were rejected by Maryland Casualty, its arbitrator nominated three persons. From this list, plaintiff's arbitrator accepted Gene Kubicki, provided he or his firm was neither representing nor planning to represent Maryland Casualty Company. After a five-day arbitration proceeding, the panel issued an award of $850,000. This action was brought in the district court to confirm that award.

■ Maryland Casualty argues the award should not have been confirmed on summary judgment because the neutral arbitrator, Gene Kubicki, breached a duty to disclose certain business dealings which shows "evident partiality" on his part within the meaning of Fla.Stat.Ann. § 682.13(1)(b). *See also Commonwealth Coating Corp. v. Continental Cas. Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968).

An affirmative duty is imposed on arbitrators to disclose "any dealings that might create an impression of possible bias." *Commonwealth Coating*, 393 U.S. at 149, 89 S.Ct. at 339. The possibility of bias must be direct, definite and capable of demonstration, and the burden of proof rests on the party challenging the award. *Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197, 1201–02 (11th Cir.1982). The type of business relationship at issue is a factor to address and where trivial, disclosure is not

required. *Commonwealth Coating*, 393 U.S. at 150, 89 S.Ct. at 340 (White, J., concurring). Fla.Stat.Ann. § 682.13(1)(b) states:

> 682.13. Vacating an award
>
> (1) Upon application of a party, the court shall vacate an award when:
>
> .    .    .    .    .
>
> (b) There is evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.

Fla.Stat.Ann. § 682.13(1)(b).

Kubicki was an investor in two real estate limited partnerships in which Lozano's designated arbitrator was also a limited partner. The general partner of both partnerships had previously been a law partner with plaintiff's attorney and his designated arbitrator. The district court stated:

> The record herein indicates that Post [Lozano's designated arbitrator] and Kubicki had each invested in a real estate transaction which was controlled by a third party. Their only obligation was to furnish money in accordance with the terms of the limited partnership agreement. There was nothing that one could do to curry favor with the other. Except for the size of the transaction and the number of investors, this is no different than two individuals buying the same issue of corporate stock or investing in the same mutual fund. The court finds nothing in this relationship which would be the basis for a disclosure by either Post or Kubicki. Nor is the fact that William Alper was the general partner a significant fact. Alper was once a partner with Anderson and Post but this relationship terminated some eleven years before the award. The defendant's claim to set aside the award based upon the facts appearing in this record are so attenuated that it forms no basis for relief under *Fla.Stat.* § 682.13. The court has carefully examined the record in this cause to determine if there is any evidence of partiality or improper conduct and has found none.

There appear to have been seven limited partners in one limited partnership and nine in the other. There were, however, no meetings ever held among the limited partners to discuss the partnerships, which are totally unrelated to the controversy between Lozano and Maryland Casualty. The only discussion ever to have occurred between Kubicki and Post regarding any limited partnership took place during a break in the arbitration proceedings, and concerned a letter each had recently independently received from the general partner regarding a possible sale of the realty, and what each investor thought of the idea. Post testified that prior to this conversation he did not know or had forgotten that Kubicki was also an investor in the partnership. Unlike *Commonwealth Coating* and *Middlesex*, here there was no direct financial relationship between the neutral arbitrator *and a party*. The district court properly found that there was nothing in these facts that required disclosure by Post or Kubicki.

Nor is there merit to Maryland Casualty's argument that the limited partnership in which both plaintiff's designated arbitrator and counsel for plaintiff were investors requires vacation of the arbitration award on the grounds of the former's evident partiality. An arbitrator appointed by a party is a partisan only one step removed from the controversy and need not be impartial. *Lee v. Marcus*, 396 So.2d 208, 209 (Fla.Dist.Ct.App.1981); *Finklestein v. Smith*, 326 So.2d 39, 40 (Fla.Dist.Ct.App. 1976).

■ Kubicki's failure to disclose his law firm's representation of clients who were adversaries of Maryland Casualty in two Dade County circuit court cases does not require vacation of the award. A district court in this Circuit vacated an arbitration award on such a ground. *See Continental Ins. Co. v. Williams* [available on WEST-LAW, 1986 WL 20915] No. 84–2646–Civ–Marcus (S.D.Fla. Sept. 16, 1986). In *Williams*, however, the district judge found that the neutral arbitrator was, *at the time of the subject arbitration*, simultaneously representing on a contingency basis another plaintiff in an action against the insurance company in an effort to uphold a judgment of $220,000 against the insurance company, and thus had a direct financial stake in the outcome of that action. At least one Florida court has rejected the same argument made to it. *See* Brief for Appellant at 9–18, *Sentry Ins. A Mut. Co. v. Czinner*, 483 So.2d 500 (Fla.Dist.Ct.App.1986). Here, there is no evidence that Kubicki was even aware that these cases existed or that the two cases were even active at the time the arbitration proceedings took place. During oral argument it was clarified that one action, involving a cross-claim against Maryland Casualty for contribution, was settled and the cross-claim was dismissed, and the other involved Kubicki's office representing a third-party defendant, which was also settled. There was no breach of a duty to disclose or evidence of partiality.

■ The award was not invalid as a matter of law, just because it did not address the seatbelt defense. *See Ins. Co. of N.A. v. Pasakarnis*, 451 So.2d 447 (Fla.1984). An arbitration award may not be vacated upon a mistake of law, but only upon one of the enumerated statutory grounds. *McDonald v. Hardee County School Bd.*, 448 So.2d 593, 594 (Fla.Dist.Ct.App.), *rev. denied*, 456 So.2d 1181 (Fla.1984); *Newport Motel, Inc. v. Cobin Restaurant, Inc.*, 281 So.2d 234, 235 (Fla.Dist.Ct.App.1973); *Dairyland Ins. Co. v. Hudnall*, 279 So.2d 905, 907 (Fla.Dist.Ct.App.1973). Maryland Casualty requests this Court to consider the arbitrator's mistake in law in failing to answer special interrogatories regarding the seatbelt defense. This is beyond the review standard available on this appeal.

Maryland Casualty's next three arguments overlap considerably. Maryland Casualty contends that material questions of fact precluded entry of summary judgment for Lozano; that the district court improperly limited discovery requests into the identities and interests of the investors in the limited partnerships; and that the arbitration award could have been vacated on the grounds of corruption on the part of either Post or Kubicki had these discovery requests been granted. Corruption is a

statutorily available basis for vacation. Fla.Stat.Ann. § 682.13(1)(a), (b). Maryland Casualty contends there existed a possibility that members of the partnerships routinely appointed one another to arbitration panels without disclosing their common financial interests, and that discovery was essential to surface this corruption.

 The district court properly denied Maryland Casualty's discovery request for two reasons. First, the purpose of discovery is to provide a mechanism for making relevant information available to the litigants. Fed.R.Civ.P. 26 advisory committee notes. The trial court reviewed the partnership documents *in camera* to determine if there was any information relevant to Maryland Casualty, because the district judge was of the opinion that the other investors, non-parties to this action, should not have their name and investments "spread around." There was no abuse of discretion in denying Maryland Casualty's discovery requests after making this *in camera* inspection. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984).

Second, that arbitrators appoint each other to panels does not *per se* manifest "evident partiality or corruption." *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 701–02 (2d Cir.1978). In any event, the terms "corruption, fraud, or other undue means," refers to activity that "is inherent in, or occurs during, the arbitration proceeding." *American Fidelity Fire Ins. Co. v. Richardson*, 189 So.2d 486, 489 (Fla.Dist.Ct. App.1966), *cert. denied*, 200 So.2d 814 (Fla. 1967) (interpreting predecessor to Section 682.13(1)(a)). The meaning of "corruption" in subsection (b) should likewise be interpreted to refer to corruption germane to the arbitration proceeding. The purpose for which Maryland Casualty now claims it sought the discovery was to investigate dealings the arbitrators had with non-parties. It could not be used to establish corruption within the arbitration proceeding.

The award of attorney's fees was proper. The district court stated that:

Counsel for Plaintiff reasonably expended 73 hours in prosecuting the Motion to Confirm the Arbitration Award. The witness for each party testified that a lodestar multiplier of 1.5 was appropriate, and I so find. A fee of $200.00 per hour is reasonable, taking into account all of the appropriate factors.

These findings satisfy *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir.1985).

AFFIRMED.