Arnold WEISS, Plaintiff,

v.

AMOCO OIL COMPANY, Defendant.

No. 4–90–CV–70742.

United States District Court, S.D. Iowa, C.D.

May 7, 1992.

As Corrected June 3, 1992.

George A. LaMarca of LaMarca & Landry, P.C., Des Moines, Iowa, for plaintiff. Charles E. Gribble of Sayre & Gribble, Des Moines, Iowa, for defendant.

### ORDER

BENNETT, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Arnold Weiss contends Defendant Amoco Oil Company's discharge of him, after co-employee Angel Streebin made allegations of sexual harassment against Weiss, constitutes wrongful termination. The matter is before the court on the motion of non-party witness Streebin for a protective order filed on February 11, 1992. Streebin seeks to prohibit Weiss's discovery of her sexual history. Weiss resists the motion and requests that he be permitted to engage in discovery concerning Streebin's sexual history with other Amoco Oil Company employees during her employment with Amoco of which Weiss has preexisting knowledge. An expedited hearing on this and other motions was held on February 11, 1992. The court ordered that Streebin's deposition could take place as scheduled, but prohibited Weiss from inquiring into Streebin's prior sexual conduct and behavior. The parties were given thirty days in which to brief the motion. The matter is now fully submitted.[1]

For the sole purpose of deciding the pending motion, the court finds from the complaint and from the record the following facts.

## II. BACKGROUND

Weiss was employed by Amoco from March, 1964 through May, 1990. Amoco has a company policy against sexual harassment.[2] Amoco terminated Weiss's employment on May 18, 1990, on the basis

---

1. Movant Streebin has not submitted a brief. Amoco, however, has filed a brief in support of Streebin's motion. The court will consider the arguments raised in that document.

2. Amoco's *Policy Against Harassment* is Exhibit A.

that Weiss had sexually harassed female employees of Amoco, Jude Gustafson and Angel Streebin. Streebin alleged that Weiss called her at home in May, 1990.[3] Streebin and Weiss dated and saw each other socially.

Streebin had cards pinned up at her work station which were of a sexual nature, and sent a male employee, Daryl Mosley, a birthday card which showed the torso of an adult female clad in a bikini swim suit. Streebin made jokes of a sexual nature with other employees, and discussed her sexual activities while at work.

## III. DISCUSSION

A. *Introduction.* A district court is afforded wide discretion in its handling of discovery matters, *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir.1988), and in limiting discovery where there is a showing of good cause. *Kaufman v. Edelstein,* 539 F.2d 811, 821 (2d Cir.1976); *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y.1985). In *Cook,* the court held:

> A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice. *O'Neal v. Riceland Foods,* 684 F.2d 577, 581 (8th Cir.1982). A district court is afforded wide discretion in its handling of discovery matters, and its decisions will be upheld "unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case."

*Id.* (quoting *Voegeli v. Lewis,* 568 F.2d 89, 96 (8th Cir.1977)).

Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *In re Hawaii Corp.,* 88 F.R.D. 518, 524 (D.Hawaii 1980); *see Gary Plastic Packag-*

*ing Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 756 F.2d 230, 236 (2d Cir.1985); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Lozano v. Maryland Casualty Co.,* 850 F.2d 1470, 1472 (11th Cir.1988).[4]

B. *Fed.R.Civ.P. 26(c).* Federal Rule of Civil Procedure 26(c) provides

> Upon motion by a party or the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order where justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time and place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or

---

3. The substance of this telephone call is not revealed in the pleadings.

4. This liberal construction ensures that discovery "together with pretrial procedures make a trial less a game of blind man's bluff and

more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

permit such discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

■ The party or person seeking a protective order bears the burden of making the "good cause" showing that the information being sought falls within the scope of Rule 26(c), and that she will be harmed by its disclosure. *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949, 954 n. 5 (8th Cir.), *cert. denied sub nom. Iowa Beef Processors, Inc. v. Smith,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979); *see General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

C. *The Merits.* Amoco raises two issues in regard to Streebin's motion: first, whether Iowa public policy prevents the disclosure of such information except in limited circumstances; and second, whether the information is irrelevant to Weiss's cause of action.

■ *(i). Public policy argument.* The initial question to be addressed is whether Iowa public policy exemplified in Iowa Code § 668.15(1) (1991), should be extended to cover the discovery request at issue here.[5] The court notes that while section 668.15(1) places limits and restrictions on the discovery of a plaintiff's sexual conduct in sexual abuse and sexual harassment cases, it is not a prophylactic rule which restricts such discovery in all civil cases. Rather, the section only acts to shift the burden of proof to the party seeking such discovery of the plaintiff in three discrete types of cases; those civil actions in which the plaintiff's allegations concern sexual abuse, sexual assault, or sexual harassment.

This case does not fall within any of those three categories. Therefore, Amoco's request amounts to a call for this court to extend the requirements of section 668.-15(1) to other civil actions. A federal court, however, "has limited discretion to adopt untested legal theories brought under the rubric of state law." *Affiliated FM Ins. Co. v. Trane Co.,* 831 F.2d 153, 155 (7th Cir.1987); *see also A.W. Huss Co. v. Continental Casualty Co.,* 735 F.2d 246, 253 (7th Cir.1984); *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1371 (7th Cir.1985); *Shaw v. Republic Drill Corp.,* 810 F.2d 149, 150 (7th Cir. 1987); *Hopkins v. ROS Stores, Inc.,* 750 F.Supp. 379, 381 (W.D.Wis.1990). Amoco has cited no authority to buttress its proposition that the discovery limitations of Iowa Code § 668.15(1) should be extended to other types of civil lawsuits. In the absence of some authoritative indication from either the Iowa legislature or courts, no authority exists for the extension of Iowa Code § 668.15(1). The court, therefore, declines to take such the bold departure from Iowa law of extending Iowa Code § 668.15(1) to this case.

■ (ii). *Relevancy.* The second issue is whether the information sought by Weiss meets the requirements of *Federal Rule of Civil Procedure* 26(b)(1) governing discovery.[6] Amoco contends that the information sought is neither relevant nor could be

---

5. Iowa Code § 668.15(1) states:
  1. In a civil action alleging conduct which constitutes sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, a party seeking discovery of information concerning the plaintiff's sexual conduct with persons other than the person who committed the alleged sexual abuse, as defined in section 709.1, sexual assault, or sexual harassment, must establish specific facts showing good cause for that discovery, and that the information sought is relevant to the subject matter of the action and reasonably calculated to lead to the discovery of admissible evidence.

6. *Federal Rule of Civil Procedure* 26(b)(1) provides in pertinent part that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

used as evidence in this case. As a result, Amoco argues that this discovery will only serve to harass Streebin. "One objecting to discovery on the grounds of relevancy carries the burden to sustain the objection." *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D.Minn.1989) (citations omitted). "This is a difficult objection upon which to prevail during the discovery phase of an action. The spirit of *Rule* 26(a) of the *Federal Rules of Civil Procedure* is that discovery be self-effectuating, without need to resort to the court, and that its scope be liberal, extending to all matters reasonably calculated to lead to admissible evidence. This standard is well-ensconced, and is generally known and understood by civil practitioners." *Id.* Streebin has not met her burden of demonstrating that the information sought is both irrelevant and that it is not reasonably calculated to lead to the discovery of admissible evidence.

■ Issues of relevancy "are traditionally left to the discretion of the trial court." *Eg., Centurion Indus. Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 326 (10th Cir.1981). The test of relevance in the discovery context is a very broad one. *AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D.Ill.1981). " '[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.' " *Id.* at 257 (quoting from 8 Wright & Miller, *Federal Practice and Procedure*, Civil § 2008 (1970)). "More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or *in limine.*" *Geophysical Systems Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D.Cal. 1987).

■ "Moreover, even if plaintiff's broad request yields some evidence that is not admissible, this does not bar a request that is calculated to lead to production of relevant matter. *Fed.R.Civ.P.* 26(b)(1); *Federal Practice and Procedure* at § 2008; *see also, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)." *Fann v. Giant Food, Inc.*, 115 F.R.D. 593, 596 (D.D.C.1987)

In *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), the Supreme Court pointed out that within the context of a sexual harassment claim:

> While "voluntariness" in the sense of consent is not a defense to such a claim, it does not follow that a complainant's sexually provocative speech or dress is irrelevant as a matter of law in determining whether he or she found particular sexual advances unwelcome. To the contrary, such evidence is obviously relevant.

*Id.* at 69, 106 S.Ct. at 2406. The Court went on to note that although there was no per se rule against the admissibility of such evidence at trial, such a determination should be made by the trial court after balancing the evidence's relevancy against the danger of unfair prejudice. *Id.* As in this case, evidence of Vinson's past was relevant in assessing her contact with her alleged harasser. Vinson worked with the harasser daily, and her dress and conversation were relevant in ascertaining whether his sexual advances were welcomed by her. Here, Weiss and Streebin worked together, and saw each other socially on occasion. Streebin's past sexual conduct with fellow Amoco employees which was know to Weiss would likewise be relevant in assessing whether Weiss's actions toward her were offensive.

Following the decision in *Meritor Savings Bank*, the issue of the discoverability of a sexual harassment complainant's sexual history was addressed in *Mitchell v. Hutchings*, 116 F.R.D. 481 (D.Utah 1987). In *Mitchell*, which concerned an action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the defendants sought to depose individuals who were alleged to have had personal relationships with the plaintiffs. *Id.* at 483. Plaintiffs moved to quash the subpoenas or, in the alternative, a protective order limiting the scope of the depositions. *Id.* at 482. After reviewing the Supreme Court's deci-

sion in *Meritor Savings Bank*, the court noted that:

> In the instant case, evidence relating to the work environment where the alleged sexual harassment took place is obviously relevant, if such conduct was known to defendant Hutchings. This evidence can establish the context of the relationship between plaintiffs and Hutchings and may have a bearing on what conduct Hutchings thought was welcome. At the same time, evidence of sexual conduct which is remote in time or place to plaintiffs' working environment is irrelevant. Hutchings cannot possibly use evidence of sexual activity of which he was unaware or which is unrelated to the alleged incidents of sexual harassment as evidence to support his defense.

*Id.* at 484. The court then went on to determine that since the defendant was unaware of plaintiffs' sexual activity, the material was not discoverable.

Unlike the factual situation presented in *Mitchell*, Weiss is not seeking discovery of Streebin's sexual history "remote in time or place" to Streebin's employment with Amoco, or to discover her sexual conduct which was unknown to him. Rather, Weiss seeks to "depose Ms. Streebin regarding her sexual conduct with other employees of Defendant during her employment with Defendant and which Plaintiff had knowledge ..." Weiss's Brief at 1. Weiss's discovery request is exactly tailored to be in keeping with the *Mitchell* decision.

■ The court cannot say, as a matter of law, that the discovery sought by Weiss from Streebin will be irrelevant to the issues generated in this litigation. Such discovery is relevant in divining what conduct or actions Weiss thought were welcome, and in determining whether Streebin found Weiss's conduct unwelcome. This discovery may also prove relevant in explaining the context of Weiss's words and actions toward Streebin. *See Burns v.*

*McGregor Electronic Indus., Inc.*, 955 F.2d 559, 565 (8th Cir.1992) (plaintiff's appearing nude in national magazine was to be considered in determining whether conduct directed at plaintiff was unwelcome, and relevant in explaining the context of statements and actions directed toward plaintiff); *cf. Jones v. Wesco Investments, Inc.*, 846 F.2d 1154, 1155 n. 5 (8th Cir.1988) ("A court must consider any provocative speech or dress of the plaintiff in a sexual harassment case."); *Morris v. American Nat'l Can Corp.*, 730 F.Supp. 1489, 1495 (E.D.Mo.1989) (plaintiff's own conduct may be relevant in ascertaining whether the challenged conduct is "unwelcome"), *aff'd in part, and rev'd in part*, 941 F.2d 710 (8th Cir.1991), withdrawn and superseded on denial of rehearing, 952 F.2d 200 (8th Cir.1991).

Evidence of a sexual harassment complainant's past sexual behavior has been admitted at trial. *Swentek v. USAIR, Inc.*, 830 F.2d 552, 556 (4th Cir.1987). In *Swentek*, the trial court permitted testimony that the plaintiff was "a foul-mouthed individual who often talked about sex," that the plaintiff had placed a " 'dildo' in her supervisor's mailbox" and once grabbed the genitals of a male co-worker and sexually propositioned him. *Id.* The court of appeals held that the trial judge's determination that evidence of complainant's sexual behavior was relevant in assessing her claim was not an abuse of discretion. *Id.* at 562 n. 6.

Finally, the material sought is relevant in assessing the thoroughness of Amoco's investigation into Streebin's complaint of sexual harassment.[7] Weiss alleges that he and Streebin were social friends who dated occasionally, and that Streebin dated other fellow employees. Weiss alleges that a thorough investigation into Streebin's complaint against him would have disclosed these facts; facts which would be neces-

---

**7.** Defendant's citation to *Priest v. Rotary*, 98 F.R.D. 755 (N.D.Cal.1983), is unpersuasive. In *Priest*, a sexual harassment case, the court held that evidence concerning the plaintiff's sexual history was inadmissible as habit or character evidence under *Federal Rules of Evidence* 404 and 406. *Id.* at 758–60. Plaintiff does not contend in his moving papers that the evidence he seeks to discover from Streebin is admissible under either theory. Therefore, the court need not reexamine the issue here.

sary in any analysis of Streebin's sexual harassment complaint against Weiss.

The court, therefore, concludes that movant Streebin has failed to meet her burden of establishing the necessity for a protective order, and her motion for a protective order is DENIED. Weiss shall be allowed to depose Streebin regarding her sexual conduct and history with Amoco Oil Company employees during her employment there which occurred prior to May 18, 1990, and which Weiss had knowledge of as of that time.[8] In order to facilitate this discovery, Weiss shall provide Amoco and Streebin with an affidavit alleging his factual basis that each of those named Amoco Oil Company employees which Streebin had sexual conduct with during her employment with Amoco and which occurred prior to May 18, 1990.

Weiss shall deliver this affidavit no later than twelve (12) working days prior to the time noticed for Streebin's deposition. If Streebin wishes to challenge or lodge an objection as to the subject matter of the deposition, she must do so within seven (7) days of receipt of Weiss's affidavit.

IT IS SO ORDERED.

---

**8.** The court imposes this limitation as a means to ensure that Weiss's discovery does not cross the line from relevant inquiry into abusive discovery of Streebin's privacy.