**Jeffrey T. JOCHIMS, Plaintiff,**

v.

**ISUZU MOTORS, LTD., Defendant.**

**No. 3–89–CV–70109.**

United States District Court,
S.D. Iowa,
Davenport Division.

Dec. 24, 1992.

**508**

Steven J. Crowley and Darwin Bunger of the Crowley Law Firm, Burlington, IA, for plaintiff.

John McShane and Mary E. Bolkcom of Bowman & Brooke, Minneapolis, MN, for defendant.

ORDER DENYING DEFENDANT'S MO-
TION TO EXCLUDE OR LIMIT THE
TESTIMONY OF DR. NALECZ AND
RENEWED MOTION FOR SANC-
TIONS

BENNETT, United States Magistrate Judge.

This is the latest among many discovery disputes between the parties. The issue raised here is whether Plaintiff Jeffrey T. Jochims ("Jochims") should be sanctioned by excluding or limiting the testimony of his principal liability expert, Dr. Andrezj Nalecz. Defendant Isuzu Motors, Ltd. ("Isuzu") argues that Dr. Nalecz's testimony should be excluded or limited because he has failed to produce documentation concerning the validation of his "Light Vehicle Dynamics Simulation" ("LVDS") computer simulation program. The LVDS computer simulation program forms the basis for many of his opinions as to Isuzu's liability in this litigation.

## I. BRIEF HISTORY OF THIS LITIGATION.

This is a products liability suit in which Jochims alleges he was severely injured when a 1986 Isuzu Trooper II sport utility vehicle he was driving rolled over. The central issue in this lawsuit is the steering, handling, lateral stability and rollover characteristics of the 1986 Isuzu Trooper II. This litigation has been extremely contentious. At the parties' request, the court has held monthly conferences in order to expedite the resolution of the numerous discovery and other disputes generated by the parties. The parties have already generated 30 orders entered by the undersigned magistrate judge and three published opinions: *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499 (S.D.Iowa 1992) (whether the court should modify a stipulated protective order previously entered in this litigation); *Jochims v. Isuzu Motors, Ltd.*, 144 F.R.D. 350 (S.D.Iowa 1992) (whether a party designating expert witnesses beyond the deadline imposed in a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) and (e) should be allowed to call the expert as a witness at trial and whether or not sanctions are appropriate for a party's disregard of the pretrial scheduling order); and *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493 (S.D.Iowa 1992) (the reasonableness of the fee charged by an adverse expert witness to the opposing party for the expert's deposition). Indeed, in this court's order of November 12, 1992, the court stated:

> [t]his is not the first time in this litigation the parties have been engaged in discovery disputes before this court.... If prior conduct is any indication of future actions, this will not be the last time.

*Jochims*, 144 F.R.D. at 351 (citation omitted). This prophecy has come to pass. In addition to this pending motion by Isuzu for sanctions against Jochims, Jochims on December 7, 1992, filed a motion for sanctions against Isuzu alleging that one of its retained liability experts intentionally destroyed documents relevant to this litigation. Resolution of that motion must await yet another order.

This litigation, having previously been continued, has been specially set for a multi-week trial commencing in Davenport on February 16, 1993, before the Honorable Harold D. Vietor. A final pretrial conference is scheduled for February 1, 1993.

## II. BACKGROUND CONCERNING THIS PENDING MOTION.

This matter is before court pursuant to Defendant Isuzu Motors, Ltd.'s ("Isuzu")

Motion to Exclude or Limit the Testimony of Dr. Andrezj Nalecz and Renewed Motion for Sanctions and Request for Expedited Hearing and brief in support thereof filed December 9, 1992. On December 18, 1992, Plaintiff Jeffrey T. Jochims ("Jochims") filed Plaintiff's Response to Defendant's Motion to Exclude the Testimony of Dr. Andrezj Nalecz and Renewed Motion for Sanctions and brief in support thereof. On December 11, 1992, this court entered an order shortening the time for response to accommodate Isuzu's request for an expedited hearing and setting this matter for telephonic hearing on December 21, 1992. A telephonic hearing was held on December 21, 1992. Steven J. Crowley of the Crowley Law Firm, Burlington, Iowa, appeared on behalf of Jochims. John Q. McShane and Mary E. Bolkcom of Bowman & Brooke, Minneapolis, Minnesota, appeared on behalf of Isuzu. During the course of the telephonic hearing, the court requested the parties to file supplemental materials. Both parties have complied with the court's request and this matter is now fully submitted.

III. LEGAL ANALYSIS.

■ A district court is afforded wide discretion in its handling of discovery matters, *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir.1988), and in limiting discovery in those instances where there is a showing of good cause. *Kaufman v. Edelstein*, 539 F.2d 811, 821 (2d Cir.1976); *Ross v. Bolton*, 106 F.R.D. 22, 23 (S.D.N.Y.1985). In *Cook*, the court held:

> A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice. *O'Neal v. Riceland Foods*, 684 F.2d 577, 581 (8th Cir.1982). A district court is afforded wide discretion in its handling of discovery matters, and its decisions will be upheld "unless, in the totality of the circumstances, its rulings are seen to

be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* (quoting *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir.1977)).

*Cook*, 840 F.2d at 604.

■ Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement."[1] *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D.Haw.1980); *see Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir.1985); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Lozano v. Maryland Casualty Co.*, 850 F.2d 1470, 1472 (11th Cir.1988); *SDI Operating Partnership, L.P. v. Neuwirth*, 973 F.2d 652 (8th Cir.1992).

Isuzu seeks to limit or exclude the testimony of Jochims' principal liability expert, Dr. Nalecz based on its assertion that Jochims has failed to turn over in discovery "information regarding the validation of Dr. Nalecz's LVDS computer simulation program."[2] The issue of the validation information for Dr. Nalecz's LVDS computer simulation has previously been before this court. In this court's order of May 22, 1992, the court continued the trial of this matter at Isuzu's request due to Isuzu's late request for validation material relating to Dr. Nalecz's LVDS computer simulation. On September 22, 1992, in response to a prior motion by Isuzu for sanctions against Jochims, the court determined that the validation information of LVDS was "highly relevant and that the Defendant is clearly entitled to receive it". That order dealt with Jochims' claim that he was unable to produce the LVDS validation material because the United States government, specifically the NHTSA, had a proprietary in-

---

1. This liberal construction ensures that discovery "together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

2. Isuzu's brief in support of its motion to exclude or limit the testimony of Dr. Andrezj Nalecz filed December 9, 1992, at 1.

terest in the data based upon a contractual relationship with Dr. Nalecz. The court ordered that the validation material be produced and provided the Assistant Chief Counsel of the NHTSA with a copy of the order to allow the government to file any objections to the production of the data. The government filed no objections and, presumably, this information has been produced to Isuzu.

Isuzu now claims that in addition to the validation material for the LVDS computer simulation, they are now entitled to the validation material for a related computer simulation, the ADVS.[3] This claim was raised for the first time in the December 21st telephonic conference. Indeed, it was not even raised in Isuzu's initial motion to exclude or limit the testimony of Andrezj Nalecz and renewed motion for sanctions filed December 9, 1992.

■ Because Isuzu's request for the ADVS validation materials is untimely and in violation of the court's scheduling order, is unduly burdensome, and would require a continuation of the trial over Jochims' objection, the court concludes that Isuzu is not entitled to the validation material for the ADVS computer simulation. First, Isuzu's request for the validation material for the ADVS computer simulation is clearly untimely. Isuzu took Dr. Nalecz's deposition for three days on March 20, 21 and on April 11, 1992. Dr. Nalecz specifically discussed the ADVS computer simulation in his deposition. Isuzu conceded in the telephonic hearing that at no time did they specifically request any documentation, let alone the underlying validation material, for the ADVS computer simulation. As made clear in this court's order of May 22, 1992, discovery in this case closed on May 1, 1992. By stipulation of the parties and by order of this court, the deadline for experts' depositions was extended until

May 31, 1992. Additionally, the court specifically ordered Jochims to provide the validation material for the LVDS computer simulation in the May 22, 1992, order. However, no further expert witness discovery was contemplated, requested by the parties, or ordered by the court. Subject to any specific orders by the court, discovery in this matter has been closed since May 1, 1992.

A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). Scheduling orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." *Id.*

The court in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir.1990) also observed that the flouting of discovery deadlines causes substantial harm to the judicial system. The court stated:

> [d]elays in litigation are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Id.* at 792.

Isuzu has known about the ADVS computer simulation for nine months and has not specifically requested it. Its argument that the ADVS validation materials is included in their request for validation materials on the LVDS computer simulation run is frivolous. Dr. Nalecz never testified

---

**3.** ADVS is an acronym for Advanced Dynamic Vehicle Simulation. Dr. Nalecz headed a three-year U.S. Department of Transportation study of motor vehicle handling, stability and rollover characteristics which produced a complex computer simulation called ADVS. Experimental data which supports the ADVS system consists of tens of thousands of pages of information, hundreds of computer diskettes, and other data. The ADVS simulation was validated with at least 100 experimental runs. See brief in support of Plaintiff's response to Defendant's motion to exclude the testimony of Dr. Andrezj Nalecz and renewed motion for sanctions, filed December 18, 1992, at 3–4 and Exhibit "D", Dr. Nalecz's affidavit.

that he validated the LVDS computer simulation with the ADVS computer simulation.[4] Rather, Dr. Nalecz testified in his deposition that he corroborated the LVDS results through ADVS runs. This was or should have been abundantly clear to Isuzu during Dr. Nalecz's deposition. Its claim that the court's orders concerning the validation of LVDS entitles them to the validation of ADVS is equally without merit.

Moreover, in correspondence to Jochims' counsel dated May 27, 1992, Isuzu's counsel, in discussing their request for the "basic validation of his LVDS simulations ...", Isuzu's counsel stated as follows:

> [p]lease produce the vehicle test data that was directly compared to the simulation results and the simulation results to which it was compared. We intend to limit this request to the test results that were directly compared to the simulation results for the purposes of validating the LVDS program.

Clearly, this letter cannot, by any stretch, be read to include a request for the ADVS computer simulation validation materials. Indeed, it is a clear and express indication that Isuzu was not requesting the ADVS computer simulation. It is clear that at the time of this letter they knew of the ADVS computer simulation because they had already deposed Dr. Nalecz.

Finally, Jochims counsel indicated at the December 21st telephonic hearing that gathering the necessary information for the validation of the ADVS material would be virtually impossible prior to trial. First, Dr. Nalecz is not in possession, control or custody of all of the validation materials. Secondly, Jochims' counsel asserted and Isuzu's counsel did not contest or dispute that it would take two researchers the better part of two months to obtain the validation material for the ADVS computer simulation program. The parties did not dispute the court's judgment that a continuance of the trial would be required if the

ADVS computer simulation validation material was required to be produced. Jochims does not want a continuance, he wants his day in court. He shall have it on February 16, 1993. A continuance would increase the cost of the litigation and, at this late date, create significant problems for rescheduling the trial in the Davenport division. A continuance would require bumping trials with a firm trial date or possibly continuing this trial for another year to allow for a leadoff trial date which the parties have continuously demanded.

Two final points. First, Jochims, through Dr. Nalecz, has already provided Isuzu with a three day deposition of Dr. Nalecz; a complete copy of the LVDS program and LVDS manual; a complete copy of the confidential source code for the LVDS which allows Isuzu and its experts to literally dissect the program; copies of the scientific papers of Dr. Nalecz which explain his research, including the LVDS program and the comparison data for the Suzuki Samurai validation. This material, approximately 1,500 pages of data and information, was shipped by Dr. Nalecz to Isuzu's liability expert, Dr. Cooperrider, on November 2, 1992. Additionally, Dr. Nalecz provided Dr. Cooperrider with a number of computer disks containing all the information necessary to check the separate validation of the LVDS program.

Secondly, "[s]ome parties have the financial ability to use discovery not only to gather information, but as a foil to harass and wear down their opponents." *Bockweg v. Anderson,* 117 F.R.D. 563, 566 (M.D.N.C.1987). Isuzu's request for the ADVS validation is clearly abusive in the context of the prior discovery requests and the material already produced to Isuzu by Jochims. Moreover, in considering this discovery request, the court concludes that pursuant to Federal Rule of Civil Procedure 26(b)(1) Isuzu has had ample opportunity to discovery ADVS information but did

---

**4.** At the telephonic hearing on December 21, 1992, this was Isuzu's claim. The court specifically requested that the parties supplement their motions and, *inter alia,* identify where in Dr. Nalecz's deposition he claimed ADVS validated LVDS. Isuzu has failed to supply any information which would indicate Dr. Nalecz made such a claim.

not do so prior to its request in the December 21, 1992, telephonic hearing, long after the close of discovery. *Fed.R.Civ.P.* 26(b)(1)(ii). Isuzu is not entitled to the requested ADVS computer validation materials not only for the reasons set forth above but when the court takes into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation, their request is not only untimely, it is unduly burdensome as well. *Fed.R.Civ.P.* 26(b)(1)(iii).[5]

For the reasons stated above, Isuzu's request for the ADVS validation material is denied. Isuzu has also failed to carry its burden of persuasion to establish that Jochims has not complied with the court's prior order and turned over all information concerning the validation of the LVDS material. Indeed, Isuzu has not moved to compel such information but has merely sought sanctions by way of limiting or excluding Dr. Nalecz's testimony. There is no support for their claim and Isuzu's motion to exclude or limit the testimony of Dr. Nalecz is denied. However, in order to ensure there are no problems with Dr. Nalecz at trial, Jochims should review their response and make sure he has provided Isuzu with all LVDS validation material.

IT IS SO ORDERED.

---

**5.** The notes to the advisory committee on rules in the 1970 amendments to Federal Rule of Civil Procedure 26, concerning discovery of experts who are to testify at trial, state: "the court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse." This order is consistent with the advisory committee notes as well as Federal Rule of Civil Procedure 1 which indicates the Federal Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." While that goal may no longer be possible in this litigation, the court must put an end to any further discovery abuse.