**Mike WACKER, Plaintiff,**

v.

**GEHL COMPANY, Defendant.**

**Civ. A. No. 94–0013–CV–W–BC.**

United States District Court,
W.D. Missouri,
Western Division

Aug. 17, 1994.

Paul L. Redfearn, Redfearn & Brown, P.C., Kansas City, MO, for plaintiff.

Steven F. Coronado and Joseph A. Sherman, Jr., Sherman, Taff & Bangert, P.C., Kansas City, MO, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

LARSEN, United States Magistrate Judge.

Before the court is plaintiff's motion for a protective order. Plaintiff seeks to protect the income tax records of one of its expert witnesses. For the reasons set forth below, the court grants plaintiff's motion.

On June 15, 1994, defendant filed its notice to take the deposition of plaintiff's liability expert, John F. Johnson, Ph.D., in which Dr. Johnson was asked to produce a "copy of that portion of his income tax returns for the past five (5) years reflecting the income he has received in matters in which he has been retained as an expert consultant and or witness." On June 22, 1994, plaintiff filed his motion for protective order.

Rule 26(b) of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Although the standard of relevance in the context of discovery is admittedly broader than in the context of admissibility, "this often intoned legal tenant should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377 (8th Cir.1992). The party seeking discovery of information which is not clearly relevant to the issues of the case before the court must make some threshold showing of relevance. *Id.* A trial court is afforded wide discretion in its handling of discovery matters and its decisions will be

upheld unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case. *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir.1988).

■ Defendant states that the tax return information requested may demonstrate, or lead to other information which will demonstrate, the financial interest, bias or prejudice of plaintiff's expert, and that this information could be used to impeach plaintiff's expert on cross-examination. While I agree that the tax returns sought might conceivably lead to admissible evidence of bias, defendant has not demonstrated to the court that the information sought is reasonably calculated to lead to the discovery of such evidence. General information as to past earnings of an expert would, as plaintiff has suggested, open up numerous collateral issues, resulting in delay and confusion at trial. Accordingly, such information would not generally be admissible. While more specific evidence of possible bias, such as evidence of a special relationship between the expert and defense counsel or between the expert and plaintiff, could possibly be developed from the information requested and might be admissible at trial, defendant has not presented any factual information whatsoever suggesting such a relationship or supporting any other theory of bias or lack of objectivity in this case which would convince the court that the requested discovery is reasonably calculated to lead to admissible evidence. Without this threshold showing, I am not persuaded that plaintiff's expert should be required to turn over the requested tax records or that defendant should be permitted to otherwise inquire as to Dr. Johnson's income from consulting in cases other than the subject litigation.

In deciding against permitting defendant's "fishing expedition in discovery," I have also given considerable weight to the fact that permitting such indiscriminate discovery might well prevent many highly-qualified and objective experts from serving as witnesses, while yielding very little, if any, information which might aid the trier of fact. It is, therefore

ORDERED that Dr. Johnson shall not be required to provide the income tax returns requested in defendant's notice to take deposition, nor be required to provide information concerning his income from consulting in cases other than the subject litigation. It is further

ORDERED that the parties shall file with the court a proposed amended scheduling order no later than September 1, 1994.