TAHOE INSURANCE COMPANY, a Nevada Corporation et al., Plaintiffs,

v.

MORRISON-KNUDSEN COMPANY, INC., a Delaware Corporation et al., Defendants.

AETNA INSURANCE COMPANY, a corporation et al., Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. Nos. 79-4058, 78-4031.

United States District Court, D. Idaho.

Nov. 15, 1979.

John T. Hawley, Carl P. Burke/Robert J. Koontz, Boise, Idaho, for plaintiffs in No. 78-4031.

R. Joseph Sher, Dept. of Justice, Washington, D. C., M. Karl Shurtliff, U. S. Atty., Boise, Idaho, for defendant in No. 78-4031.

Carl P. Burke/Jack S. Gjording, Boise, Idaho, for plaintiffs in No. 79-4058.

Imhoff & Lynch, Jeremiah A. Quane, Boise, Idaho, for defendants in No. 79-4058.

## MEMORANDUM

CALLISTER, District Judge.

On August 20, 1979, the plaintiffs, by their lead counsel, Aetna Insurance Co., filed with the Court a notice of taking deposition wherein it noted up the deposition of F. William Eikenberry, Paul Fisher and Robert B. Jansen. On September 4, 1979, the defendant, United States, through its counsel, filed a motion for protective order, pursuant to Rule 26(c), F.R.Civ.P., to preclude the taking of the depositions noted and to further prohibit the depositions of any persons similarly situated.

The persons whose depositions the plaintiffs request all served on two special panels, commissioned to investigate the failure of the Teton Dam. Mr. Eikenberry, a member of the staff of the Assistant Secretary of the Interior for Land and Water Resources chaired the Teton Dam Failure Review Group (IRG), while Paul Fisher, Staff Geologist, Engineering Division, Directorate of Civil Works of the United States Army Corps of Engineers, served as the chairman of IRG's Grouting Task Group. Robert B. Jansen was the Executive Director of the Independent Panel to Review the Cause of the Teton Dam Failure.

While the defendant has raised numerous arguments in support of the protective order, and the points raised have been fully briefed by both sides, the essential problem lies with the position of the panel members and the nature of the panels themselves. In short, the panels were organized after the collapse of the dam for the purpose of investigating the cause of its failure. The panel members are experts in the various related fields dealing with dam construction

including engineering, dam design, and soil conservation. But, since the panels were essentially investigatory in nature, and the panel members were appointed because of their expertise, they do not fall within the definition and protection from discovery afforded "expert" witnesses under Rule 26(b)(4), F.R.Civ.P. This is clear from the introductory language to Rule 26(b)(4) which indicates that facts and opinions held by experts which were "acquired or developed in anticipation of litigation or for trial . . . ." are subject to discovery only as acquired by following subsections (A), (B), and (C) of the rule.

As to experts who do not fit the criteria set out in Rule 26(b)(4), i. e., retained or specially employed by a party in anticipation for litigation or preparation for trial, the Advisory Committee has noted:

> It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such experts should be treated as an ordinary witness. 48 F.R.D. 487 at 503.

Therefore, it is evident that the panel members are to be treated as "ordinary witnesses," and it would be proper to, at least, examine the panel members as to their firsthand knowledge and observations as actors or viewers of transactions or occurrences in question.

The question remains whether in the course of taking the deposition of the panel members as an "ordinary witness" they can be examined as to their expert opinions acquired while serving on these panels. A strict reading of the Advisory Committee's note would indicate that such experts are to be treated only as "ordinary witnesses" and not as an expert witness because they are to testify as to those things to which they were an actor or viewer.

The same conclusion can be reached if the policy behind Rule 26(b)(4) is parallel to the problem at hand. Rule 26(b)(4)(B) anticipates the problem and affords protection to experts who are specially retained for trial preparation but were not expected to be called at trial, and case law establishes that no discovery can be had of the names of experts or their information if only informally consulted. *Harasimowicz v. McAllister*, D.C.Pa.1978, 78 F.R.D. 319; *Weiner v. Bache Halsey Stuart, Inc.*, D.C.Fla.1977, 76 F.R.D. 624; *Baki v. B. F. Diamond Const. Co.*, D.C.Md.Ind.1976, 71 F.R.D. 179; *Advisory Committee Notes*, 48 F.R.D. 487 at 504. The policy behind these rules is two-fold. First, the rules were promulgated to promote better preparation for trial; 8 Wright & Miller, *Federal Practice and Procedure* ; Civil § 2032; and second, to prevent an opposing party from gaining unfair advantage in litigation by using another parties' experts. *See* 8 Wright & Miller, *supra*, §§ 2029, 2034. (Unfairness can be remedied in appropriate cases where the question is only one of cost.)

By analogy the policy in favor of better trial preparation applies to the Government in its unique position as both preserver of matters within the public interest and a potential party in litigation. To require the Government to balance its interests in forming fact-finding panels to prevent similar disasters, like the one under consideration, against its interests in not supplying fuel for the fires of litigation could deter its actions on behalf of public protection.

It would be basically unfair for the plaintiffs to be able to use experts that the Government has acquired. It is also clear that this case is not one of those appropriate cases where the unfairness can be cured by allocating a share of the cost to the plaintiffs. *Advisory Committee Note to Rule 26(b)(4)(C)*, 48 F.R.D. 487 at 505. More than money is at stake in the protection of the panel members from discovery. The Government is trying to protect the nature and burden that a "blue ribbon" panel appointed by the Government must bear.

Finally, under the rules of discovery the provisions emphasize the complete control that the Court has over the process. *U. S. ex rel. Edelstein v. Brussell Service Mach.*

*Co.,* D.C.N.Y.1943, 3 F.R.D. 87; *Finkelstein v. Boylan,* D.C.N.Y.1940, 33 F.Supp. 657, and the use of protective orders are within the discretion of the trial judge. *Galella v. Onassis,* C.A.2d, 1973, 487 F.2d 986; *General Dynamics Corp. v. Selb Mfg. Co.,* C.A.8th, 1973, 481 F.2d 1204, *cert. denied* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116. The Court is also encouraged in considering a protective order to "be as inventive as the necessities of a particular case require in order to achieve the benign purpose of the rule." 8 Wright & Miller, *supra,* § 2036. It, therefore, seems proper that since the Government has given the plaintiffs full access to all reports and files that the panel members should also be subject to deposition only insofar as they are actors or viewers, or in short, their firsthand observation. This would include their testimony as to the "nature of the art" preceding the occurrence in question. *Barkwell v. Sturn Ruger Co.,* D.C.Alaska 1978, 79 F.R.D. 444. The panel members, however, cannot be deposed as to expert opinions formulated from expertise acquired while serving on the panels nor as to the process by which they arrived at their opinions.

In accordance with the foregoing discussion, the plaintiffs should be allowed to take the depositions of the panel members, but are limited in the scope of examination as set out herein. The defendant's motion for protective order should be allowed within the bounds set by this opinion.

### ORDER

This matter having come before the Court, Honorable Marion J. Callister, presiding, on defendant's motion for protective order pursuant to Rule 26(c), F.R.Civ.P. Oral argument was heard on October 12, 1979, with the Court taking the matter under advisement; the Court allowed the parties to submit supplemental post-hearing briefs.

After due consideration of the parties' briefs and the record, the Court concludes that it is appropriate for the plaintiffs to take the depositions of the panel members, but only to the extent that the examination

deals with facts that were within their personal observation. This would include the names of any person who reported factual material to them as well as the content of that report. The Court further concludes that it would be improper for the plaintiffs to depose the panel members as to opinions they derived while serving on the panels, as well as the process by which they reached their opinions. If, however, the defendant should choose to call or expects to call any member of the panel as an expert witness at trial, then discovery may be had as to that person pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure.

NOW, THEREFORE, IT IS HEREBY ORDERED that the defendant's motion for protective order be, and the same is hereby, GRANTED only insofar as it complies with this order. Plaintiffs may also proceed with taking the depositions of the panel members within the scope of this order.