[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF MARK POMEROY'S MOTION FOR PROTECTIVE ORDER — DISCOVERY (No. 134)
The plaintiff Mark Pomeroy seeks an order protecting him from answering interrogatories and complying with requests for production filed by the defendant David Leggiadro on the grounds that it duplicates two separate discovery compliances he already furnished to Leggiadro which were initiated at the request of other defendants. At oral argument, counsel for the defendant Leggiadro, conceded that his request seeks substantially the same information the plaintiff furnished in compliance with the other requests. Although the questions are numbered and ordered differently, they are boilerplate type discovery requests for this ordinary automobile negligence case.
The court is given broad discretion in protecting a party from discovery by his opponent which results in "annoyance, embarrassment, oppression or undue burden or expense." Practice Book 221. Indeed, a "trial court has a duty . . . to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense. . . .[The court's] discretion to limit discovery is necessarily broad." Dolgow v. Andersen,53 F.R.D. 661, 664 (E.D.N.Y., 1971).
The defendant's duplicate requests for discovery is oppressive, constitutes an undue burden and is clearly an abuse of the process. Surely, there can be no justification for this additional litigation expense.
The answers by a party to discovery are like any other statement made by him or her. The use of such discovery during trial is an evidential issue and is available to all parties regard to who requested the discovery. "Interrogatories no different from any other out-of-court statement." 8 Wright and Miller, Federal Practices and Procedures, 2180. Clearly, answers to interrogatories by a party opponent are evidentiary admissions which could be admissible for two purposes — that is, to prove the truth of the matter and to impeach the answering party. Tait and LaPlante, Connecticut Evidence 2.3.1 (2d ed.).
The defendant Leggiadro, however, argues that for him to rely upon discovery furnished at the request of another party CT Page 3167 would foreclose his right to continuing disclosure under Practice Book 232[1] if that party who formally sought the information ceases to be a party to the litigation. This is a narrow interpretation of our rules of discovery concerning this remote possibility. Surely, a party is under the same duty to supplement his or her disclosures even though the person who requested the discovery is no longer party to the action.
Nevertheless, to reinsure the defendant Leggiadro that the duty to disclose on the plaintiff's part will continue even if the defendant who requested the discovery ceases to be a party, the court will require the plaintiff to certify to all the defendants that he will fulfill the requirements of 232 for all defendants without regard as to who requested the discovery. "The Court is . . . encouraged in considering a protective order to `be as inventive as the necessities of a particular case require in order to achieve the benign purpose of the rule.'" Tahoe Ins. Co. v. Morrison-Knudsen Co., Inc., 84 F.R.D. 362, 364 (D. Idaho, 1979), quoting 8 Wright Miller, supra, 2036.
If our civil justice system is to survive, we must endeavor to reduce the staggering costs of litigation. One place to start is by the elimination of discovery when the information is already available to a party. The practice of each party insisting that his or her request for discovery be complied with in accordance with an individualized format, notwithstanding that the substance of such discovery has already been made available to the party, is wasteful, oppressive and is costly to both parties — the one who seeks it as well as the one from whom it is sought.
Accordingly, the protective order is hereby granted in that plaintiff Mark Pomeroy need not comply with the defendant David Leggiadro's request for discovery for that information which the plaintiff has already furnished to another party in this action, provided the plaintiff certifies to all parties that, notwithstanding which party requested the discovery, he will comply with the provision of 232 of the Practice Book as to all parties. Of course, the defendant David Leggiadro may request any discovery which has not been previously requested or complied with, subject to the rules of practice.
ROBERT I. BERDON, JUDGE
FOOTNOTE