**Edward M. DEAN, Plaintiff,**

v.

**The VETERANS ADMINISTRATION, REGIONAL OFFICE, Defendant.**

**No. 1:89CV2357.**

United States District Court, N.D. Ohio, E.D.

Sept. 13, 1993.

Denise J. Knecht, Law Offices of Denise J. Knecht & Associates, Cleveland, OH, for plaintiff.

Iden Grant Martyn, Lynne H. Buck, Office of the U.S. Atty., Cleveland, OH, for defendant.

### *MEMORANDUM AND ORDER*

ANN ALDRICH, District Judge.

Edward M. Dean brings this action against the Veterans Administration ("VA") for handicap discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 (1985 & Supp.1993).

On August 27, 1993, Dean caused a subpoena *duces tecum* to be issued commanding Dr. R.J. Leigh, M.D., a neurologist employed by the VA, to testify as an expert witness for Dean, and to bring with him all records held by Dr. Leigh and the VA regarding Edward Dean and Dr. Leigh's medical examination of Dean in 1987. On September 1, 1993, the VA filed a motion to quash the subpoena as it pertained to Dr. Leigh's expert status.

For the reasons stated below, the motion to quash the subpoena is denied.

## I

Edward Dean was hired by the Veterans Administration in 1985, as a loan service representative. Dean alleges that he suffers from multiple sclerosis and irritable bowel syndrome, which Federal regulations define as "handicapping conditions." He claims that prior to his employment, the VA performed a physical examination of him, and that the findings from that physical put the VA on notice of his physical impairments in 1985.

Dean claims that in 1988, when his medical conditions worsened and consequently his performance at work became deficient, he made the VA aware of his medical condition and sought accommodations from the VA. Instead, Dean claims, the VA terminated his employment in October, 1988, for unacceptable performance, in violation of the Rehabilitation Act of 1978.

The Veterans Administration claims that despite specific warnings about deficient performance, weekly meetings with supervisors under a performance improvement plan, and monitoring of Dean's progress, Dean's performance in 1988 did not improve. The VA alleges that the first time Dean told his VA supervisors he had multiple sclerosis was in September, 1988, and that after determining Dean did not suffer from a handicapping condition, the VA terminated him for failing to meet minimum performance standards.

During his employment in 1987, Dean filed a Veterans Application for Compensation or Pension. To process the application, the VA required that Dean be examined by a VA physician. Accordingly, Dean was examined on July 27, 1987, by a neurologist employed by the VA, Dr. R.J. Leigh, M.D. Dr. Leigh's findings from that examination were made available to the VA at that time.

Dean now seeks to take a videotaped deposition, for use at trial, of Dr. R.J. Leigh. Dean wants to use Dr. Leigh, who is still employed by the VA, as an expert witness.

The VA objects to the use of Dr. Leigh as an expert witness. Citing a federal regulation promulgated under the Ethics in Government Act, the VA claims that Dr. Leigh is expressly prohibited from serving as an expert witness in an action against the government, unless the agency employing him authorizes his appearance as an expert.

Dean responds that the ethics regulations are simply a guide to agency employees, not rules requiring judicial enforcement, and further that the government should be required to comply with discovery to the same extent as private litigants.

## II

The regulation at issue in this matter, 5 C.F.R. § 2635.805, restricting service of agency employees as expert witnesses, was promulgated under the Ethics in Government Act of 1978, 5 U.S.C.Apps. 6 & 7 (Supp. 1993). The regulation provides:

(a) An employee shall not serve, other than on behalf of the United States, as an expert witness, with or without compensation, in any proceeding before a court or agency of the United States in which the United States is a party or has a direct and substantial interest, unless the employee's participation is authorized by the agency....

5 C.F.R. 2635.805 (1993). The VA claims that since the agency has not authorized Dr. Leigh to testify as an expert witness, his testimony is expressly prohibited by the ethics regulation.

No court has addressed the exact question whether this ethics regulation can be used by the government to prevent the subpoena of a government employee sought as an expert witness by the adverse party. The question before this Court is essentially, to what extent can an agency regulation curb the power of this court to compel discovery under the Federal Rules of Civil Procedure?

It is well established that the government, as a litigant, is bound by the rules of discovery to the same extent as any other litigant. *See, e.g., United States v. Procter & Gamble Co.,* 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). The Federal Rules of Civil Procedure, moreover, have been held to have the force and effect of statute. *Sibbach v. Wilson & Co.,* 312 U.S. 1, 13, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941). *See also* 28 U.S.C. § 2072(b) (1988) ("All laws

in conflict with such rules shall be of no further force or effect after such rules have taken effect.")

Two district courts in the Sixth Circuit have considered related discovery questions under the Ethics in Government Act, and have both ruled against restricting the court's discovery powers under the Federal Rules. In *In re Air Crash Disaster at Detroit Metro. Airport,* 737 F.Supp. 399 (E.D.Mich.1989), the court considered a motion brought by a defendant airline company, seeking a declaration that two expert witnesses could testify without risking criminal prosecution under an Ethics in Government criminal statute. The court refused to decide whether the witnesses, both former employees of the Federal Aviation Administration, could later be prosecuted under the ethics statute prohibiting expert testimony by former agency employees, 18 U.S.C. § 207.

The *Air Crash* court declined to rule on the challenge on ripeness grounds, noting any future prosecutions were purely hypothetical. 737 F.Supp. at 401–03. Moreover, the court held that only the witnesses themselves would have standing to seek a declaration as to whether they could be prosecuted for their testimony. *Id.* at 403–04. Neither the airlines nor the government agency could employ or challenge the ethics provision.

Most relevant to this action, the *Air Crash* court refused to allow the criminal ethics statute to control civil discovery. After examining the legislative history of the Ethics in Government Act, the court found "nothing within the legislative record which would suggest or intimate that the Congress intended this statute to serve as a statutory rule which would mandate the exclusion of otherwise relevant evidence from a civil trial." *Id.* at 404.

In *McElya v. Sterling Medical, Inc.,* 129 F.R.D. 510 (W.D.Tenn.1990), a medical malpractice action brought against the U.S. Navy and other parties, the court considered an attempt by the Secretary of the Navy to restrict discovery based on another regulation, Instruction 5820.8 of the Secretary of the Navy, in conjunction with the ethics statutes. The navy regulation was passed under a general statute allowing agency heads to set forth regulations governing the conduct of agency employees and the custody of agency records. Among other things, the navy sought to prevent a navy doctor from offering expert testimony during a deposition, and advised the plaintiffs that such expert testimony may violate the criminal ethics provision, 18 U.S.C. § 207. *Id.* at 512.

The *McElya* court refused to let the navy regulation govern discovery in the case. *Id.* at 514. The court stated that the statute authorizing the regulation at issue did not give an agency head "the authority to create a general privilege that anyone under his current or former jurisdiction shall decline to produce evidence to an adverse litigant or court unless the agency head decides that it should be produced." *Id.* The court also rejected navy attempts to use the criminal ethics provision to limit testimony: "There is certainly no privilege with respect to [the navy doctor] giving an expert opinion." *Id.* The court noted that the case did not involve two parties unrelated to the navy seeking to compel expert testimony of a navy employee. Neither the *Air Crash* nor the *McElya* district courts allowed agency regulations, or criminal ethics provisions, to restrict discovery under the Federal Rules of Civil Procedure.

Several other courts which have considered whether other restrictive agency regulations should automatically limit a federal court's power to compel discovery have answered the question in the negative. The United States Supreme Court has characterized the conflict between administrative decisions and the courts' discovery powers as one necessitating compromise: "Judicial control over evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds,* 345 U.S. 1, 9–10, 73 S.Ct. 528, 533, 97 L.Ed. 727 (1953).

In *Sperandeo v. Milk Drivers et al.,* 334 F.2d 381 (10th Cir.1964), the Court of Appeals for the Tenth Circuit denied the motion of the plaintiff National Labor Relations Board to quash a subpoena for documents based on an agency regulation. The court concluded, "It is for the Court, and not the governmental agency or executive branch, to

determine whether documents sought to be withheld under a claim of privilege are entitled to the protection of that privilege." *Sperandeo*, 334 F.2d at 384. Courts have not uniformly disregarded agency regulations restricting disclosure of documents and testimony, but rather have reiterated that the decision whether a particular agency's privilege will apply must rest with the court. See *Forstmann Leff Assocs., Inc. v. American Brands, Inc.*, 1991 WL 168002, at *2 (S.D.N.Y., Aug. 16, 1991) (court must decide whether RTC non-disclosure of documents is merited, or whether relevance outweighs chilling effect of disclosure); *Societe Int'le Pour Participations Indus. et Commer., S.A. v. Rogers*, 357 U.S. 197, 205–06, 78 S.Ct. 1087, 1092–93, 2 L.Ed.2d 1255 (1958) (Swiss penal law restricting document disclosure will not abrogate Federal Rules); *Merchants Nat'l Bank & Trust of Fargo v. United States*, 41 F.R.D. 266 (D.N.D.1966).

A federal court's power to compel disclosure in the face of regulations is not unlimited. Several Courts of Appeals, including the Sixth Circuit, have reversed contempt sanctions imposed under Rule 37 on agency employees who have refused to disclose material or testify based on agency regulations against disclosure. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467, 71 S.Ct. 416, 419, 95 L.Ed. 417 (1951) (FBI agent refusing to disclose official files cannot be held in contempt); *Appeal of United States Sec. and Exch. Comm'n*, 226 F.2d 501 (6th Cir.1955) (subordinate official has right to obey Commission rule regarding confidentiality of SEC records); *see also Societe Int'le*, 357 U.S. at 211–13, 78 S.Ct. at 1095–96 (dismissal of case too harsh a penalty for noncompliance in circumstances).

■ A district court, moreover, does not have the authority to enforce a *state* court's subpoena of documents or testimony. *Giza v. Secretary of Health, Educ., & Welfare*, 628 F.2d 748, 751–52 (1st Cir.1980).

### III

■ The motion before this Court is more clearly analogous to those cases rejecting the government's claim of privilege and compelling discovery. The VA's motion does not challenge the imposition of particular sanctions under Rule 37, but rather asks this Court to quash the subpoena of an expert witness. No case cited by the VA requires a federal court to quash a subpoena of an agency employee, based on a regulation restricting that employee's testimony without agency permission. Moreover, two district courts in this circuit have not allowed the government to employ the criminal ethics provisions to interfere with expert testimony of agency employees. Requiring this Court to quash the subpoena based on 5 C.F.R. § 2635.805, is tantamount to permitting the ethics regulation to restrict this Court's broad discovery powers under Rules 30 and 34 of the Federal Rules of Civil Procedure. There is no authority for that type of restriction.

Moreover, the circumstances of this case are different from the cases the VA cites in support of its motion. Agency employees have been protected from contempt sanctions, and agency restrictions respected, based on the right of an agency to protect its confidential records and investigations. See, e.g., *Ragen, supra*, 340 U.S. at 468, 71 S.Ct. at 419 (Department of Justice disclosure restrictions appropriate given "possibilities of harm from unrestricted disclosure"); *Appeal of United States Sec. and Exch. Comm'n, supra*, 226 F.2d at 519–20 (nature of SEC intra-agency reports requires they be kept confidential).

Here the VA has not raised a claim of privilege in seeking to have this Court quash the subpoena. In fact, the VA has no objection to letting Dr. Leigh testify as a fact witness. The VA has raised no objection to Dr. Leigh discussing his examination of Dean in 1987, or even producing VA records about that examination. The VA's only objection is to Dr. Leigh's testimony *as an expert*. The VA has thus presented none of the compelling arguments about confidentiality or the protection of internal communications which other courts have relied upon in respecting employees' adherence to agency restrictions.

The regulation involved here was promulgated under the Ethics in Government Act, whose stated purpose was "to prevent cor-

ruption and other official misconduct before it occurs, as well as penalizing it once it is uncovered." S.Rep. No. 170, 95th Cong., 2d Sess. 31 (1978), *reprinted in* 1978 U.S.C.C.A.N. 4216, 4247. The VA has presented no evidence that the regulation was meant as anything other than a guide for employee action and an attempt to eliminate misconduct. There is no authority for enforcing such a provision in the midst of unrelated civil litigation. This Court declines to allow an employee ethics regulation to curb its own discovery power under Rules 30 and 34.

The motion is denied.

IT IS SO ORDERED.