**In re Roy Lee CARY, Debtor.**

**Jim BRYANT, Plaintiff,**

**v.**

**Roy Lee CARY, Defendant.**

**Bankruptcy No. 93–20794–C.**
**Adv. No. 94–2002–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

April 29, 1994.

---

4. Though unrelated to the outcome in this opinion, I do not find it credible that Mrs. Bullington failed to notice that the herd of dairy cows, at least some of whom she milked every day, decreased in size from more than 150 cows to five cows over an eighteen month period of time.

John Kay, California, MO, for plaintiff.

Barbara L. Teeple, Sedalia, MO, for debtor/defendant.

Gary P. Kraus, Asst. Atty. Gen., Jefferson City, MO, for Mo. Dept. of Mental Health and Dr. Richard N. Gowdy.

### ORDER DENYING MOTION TO QUASH SUBPOENA

FRANK W. KOGER, Chief Judge.

This matter comes before the Court on the motion of Richard N. Gowdy, Ph.D. (Dr. Gowdy) to Quash Subpoena. The Court held a hearing on shortened notice on March 30, 1994. The Court heard statements of counsel and legal arguments at that time. Having duly considered the positions of the parties, the Court makes the following Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052:

*Facts*

Roy Lee Cary (the Debtor) filed a Chapter 7 bankruptcy petition with the Court on October 29, 1993. The Circuit Court of Moniteau County Missouri entered a default judgment against the Debtor on September 13, 1993 in the amount of $43,050.22 plus interest and costs in favor of Jim Bryant (Bryant). *See Bryant v. Cary,* Case No. CV793–43CC (Sept. 13, 1993). The judgment is allegedly based upon the Debtor's obtaining money by false pretenses, false representation or fraud. Bryant filed an adversary action in bankruptcy to determine the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2)(A).

The Debtor has denied all the allegations of fraud and misconduct alleged by Bryant. However, Debtor claims a loss of memory, and the Debtor cannot remember with any accuracy the events alleged to have occurred in the Bryant complaint.

Dr. Gowdy is an employee of the Missouri Dept. of Mental Health/Mid–Missouri Mental

Health Center. Judge Bryson of the Circuit Court of Boone County ordered Dr. Gowdy to conduct an involuntary mental examination of the Debtor as a part of a criminal proceeding. Dr. Gowdy did, in fact, examine the Debtor in August of 1992. The Court subpoenaed Dr. Gowdy on the Debtor's behalf to testify as an expert witness as to certain opinions and facts gained from that examination. The Debtor has offered to pay Dr. Gowdy an expert witness fee as well as costs and expenses as authorized by Fed. R.Civ.P. 45(b).

Dr. Gowdy has moved to quash this subpoena. Dr. Gowdy's arguments can be summarized as follows:

1. The Debtor has not demonstrated a substantial need for the testimony.

2. Testimony could be obtained from another expert who could be retained expressly for that purpose.

3. Missouri State policy prohibits the state's employees from testifying in civil matters.

4. Compelling Dr. Gowdy to testify deprives him of his intellectual property rights and the right to compensation for his services.

5. Compelling a state employed expert deprives the State of Dr. Gowdy's time and expertise to the State's detriment.

For the reasons discussed below, the Court finds that Dr. Gowdy's Motion to Quash Subpoena should be denied.

### Discussion

■ The bankruptcy court derives its subpoena power from Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Fed.R.Bankr.P. 7030. A trial court has broad discretion in handling discovery matters under the Federal Rules. *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988). Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purpose of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement. *Weiss v. Amoco Oil Co.,* 142 F.R.D. 311, 313 (S.D.Iowa 1992) citing *United States v. Proctor & Gamble*

*Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). A court has the power to compel expert witness testimony. *Kaufman v. Edelstein,* 539 F.2d 811, 820–21 (2d Cir.1976); *Carter–Wallace, Inc. v. Otte,* 474 F.2d 529, 536 (2d Cir.1972), cert. denied, 412 U.S. 929, 93 S.Ct. 2753, 37 L.Ed.2d 156 (1973); *Dean v. Veterans Admin., Reg. Office,* 151 F.R.D. 83 (N.D.Ohio 1993); *In re Snyder,* 115 F.R.D. 211, 212 (D.Ariz.1987); *Grumman Aerospace Corp. v. Titanium Metals Corp.,* 91 F.R.D. 84, 90 (E.D.N.Y. 1981) *Tahoe Ins. Co. v. Morrison–Knudsen Co.,* 84 F.R.D. 362, 364 (D.Idaho 1979). In *Otte,* the Second Circuit stated:

> [t]he weight of authority holds that, although it is not the usual practice, a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed.

474 F.2d at 536 (citations omitted). The subpoenaing party need not show the "necessity" of the compelled testimony before the subpoena is issued. *Kaufman,* 539 F.2d at 821.

■ The power to compel an expert witness to testify is not absolute. The witness may claim a privilege or other good cause as to why the witness should not be compelled to testify. *Id.; see also Dean v. Veterans Admin.,* 151 F.R.D. at 85. However, the federal courts do not recognize any general privilege for expert witnesses that exempts them from a bankruptcy court's subpoena power. *Id.* at 819–20.

■ No privilege has been claimed. Therefore, Dr. Gowdy must show good cause why his testimony should not be given. The first reason offered by Dr. Gowdy is that the Debtor has not demonstrated a substantial need for Dr. Gowdy's testimony. As discussed above, a demonstration of necessity is not required before a party may subpoena an expert. The expert witness must demonstrate good cause why he should not testify. Moreover, even if the Court wished to impose such additional requirement, the Debtor has met that requirement. The Debtor claims memory loss for the relevant time

periods involved in this dispute. Dr. Gowdy's contemporaneous psychological examination is perhaps the only objective testimony of the Debtor's knowledge and state of mind during that time period. *Compare Kaufman*, 539 F.2d at 821 ("A substantial part of the testimony which the Government here seeks from petitioners is testimony no one else can give.") Thus, the Debtor has demonstrated a substantial need for Dr. Gowdy's testimony.

▮ Dr. Gowdy asks the Court to excuse him from testifying on the grounds that another similarly qualified expert witness could be retained in his place. Because of the Debtor's claimed memory loss, Dr. Gowdy is the only source of the information sought by the subpoena. Retention of another expert therefore is not feasible, nor does this Court view it as good cause. Indeed, there is no affirmative duty upon the subpoenaing party to exhaust a list of all possible experts similarly qualified to find a willing expert where the subpoenaing party has already found a competent witness in the subpoenaed expert. *Kaufman*, 539 F.2d at 822.

▮ The Court is similarly dissuaded by Dr. Gowdy's third argument that the State of Missouri has an internal policy that its medical experts not testify in a civil matter. One court has previously found that a federal regulation prohibiting a federal employee/medical expert from testifying in any civil matter to be void with regards to the federal courts' subpoena power. *See Dean v. Veterans Admin.*, 151 F.R.D. 83 (N.D.Ohio 1993). The *Dean* court found that absent a claim of privilege or that the information was gained through a confidential source, the mere existence of a regulation or policy prohibiting testimony in a civil proceeding is not good cause sufficient to abrogate the district court's subpoena power. *Id.* Similarly, Dr. Gowdy's claim of privilege based only on a State policy is insufficient, in and of itself, to constitute good cause.

▮ Dr. Gowdy's fourth argument is no more compelling than his first three arguments. Dr. Gowdy argues that compelling him to testify deprives him of his intellectual property rights and the right to compensation for his services. The Debtor has offered to pay a reasonable expert witness fee plus expenses. This would fully compensate Dr. Gowdy and protect his rights as well.

▮ Finally, Dr. Gowdy has raised what could best be described as a sovereignty argument that the State of Missouri would be harmed by Dr. Gowdy's absence. The Court agrees that if the practice of compelling the testimony of state employed specialists becomes widespread, then the State of Missouri would be injured by this diversion of its resources. However, the Court views the present situation as the rare case; the compelled testimony of state employees in civil matters is not a wide-spread practice in Missouri. Moreover, in this particular case, Dr. Gowdy may provide the only reliable evidence of the Debtor's knowledge and state of mind. In such circumstances, the Court believes that the Debtor's right to a fair trial outweighs any theoretical amorphous harm that the State may claim. Therefore, Dr. Gowdy's fifth argument is not good cause justifying an exception to the Court's subpoena powers.

### Conclusion

Dr. Gowdy has no special privilege exempting him from the Court's subpoena power. The Court may exercise its discretion and exclude Dr. Gowdy upon a showing of good cause why he should not be made to testify. However, the reasons presented at trial and in the pleadings do not establish such good cause. Therefore, Dr. Gowdy's Motion to Quash Subpoena is DENIED, and he is ORDERED to appear at trial or at a deposition if the parties agree same may be used at trial, and render expert testimony as to any facts, knowledge or opinions that he may have already formed. Dr. Gowdy need not develop new expert opinions, nor is he required to conduct additional research or experimentation. The Debtor is hereby ORDERED to pay Dr. Gowdy a reasonable expert witness fee and reimburse Dr. Gowdy for his costs and expenses pursuant to Fed. R.Civ.P. 45(b). Both parties to this proceeding are directed to minimize the inconve-

nience to the State of Missouri and to Dr. Gowdy, as is possible.

SO ORDERED.