Vessie JACKSON, Plaintiff,

v.

COUNTY OF SACRAMENTO,
et al., Defendants.

No. CIV. S–962247–DFL–PAN.

United States District Court,
E.D. California.

Sept. 11, 1997.

Susan Dee Christian, Univ. of Cal. at Davis, Sch. of Law, King Hall Civil Rights Clinic, Davis, CA, for Plaintiff.

Carl J. Calnero, Vanessa W. Whang, Porter, Scott, Weiberg, Delehant, Sacramento, CA, for Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOWINSKI, United States Magistrate Judge.

Plaintiff seeks damages for violation of his civil rights and state law.

According to plaintiff's complaint, when defendants presented themselves at plaintiff's home and announced their intent to tow his car from his driveway as a public nuisance disagreement ensued. Plaintiff alleges that he offered to move the vehicle into a garage but defendants declined the offer. Defendant Polenske, a county zoning official, allegedly said "You people always give me a rough time" or words to that effect. Plaintiff, who is black, took the reference to "you people" as racial derogation. According to plaintiff, the car was towed only after Deputy Sheriff White pinned plaintiff's arms behind his back, pushed plaintiff toward a patrol car, pushed him again after plaintiff explained he had hip problems that prevented him from walking very fast, saying "you can walk," pushed plaintiff into his patrol car despite plaintiff's cries of pain, and required plaintiff to lie in the car, in pain, until the car was towed.[1] The essence of plaintiffs claims are that car was taken without due process of law, excessive force was used, and he was unlawfully imprisoned during the incident.

Plaintiff seeks an order compelling defendants to provide in discovery (1) all documents relating to any internal investigation of the alleged incident and (2) Deputy Sheriff White's personnel file. Plaintiff contends that the internal investigation documents will allow him to ascertain defendant's version of the facts, identify witnesses, and potentially impeach the Deputy White's trial testimony. Plaintiff contends that White's personnel file may contain evidence relevant to plaintiff's derivative claims against the county and could be used to impeach Deputy White.

As to the first category, defendant county objected to the requested discovery upon the grounds internal investigation reports are protected by Ca. Govt.Code § 6254, Ca. Pen. Code §§ 832 et seq. and Ca. Ev.Code §§ 1040 and 1043 and that disclosure would infringe deputy White's privacy interest. Defendant also objected to plaintiff's request for "all documents" relating to the "incident" upon the ground the requested reports are within the attorney-client privilege and attorney work product protection.

■ Federal law governs the parties' dispute. Fed.R.Evid. 501. Despite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law. *See Jaffee v. Redmond,* —— U.S. ——, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (finding a federal psychologist-patient privilege without mention of the law of the forum state vis-a-vis the law of the whole 50 states). In this respect, *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548 (E.D.Cal.1990), *Martinez v. City of Stockton,* 132 F.R.D. 677 (E.D.Cal.1990), and *Pagano v. Oroville Hospital,* 145 F.R.D. 683 (E.D.Cal.1993), cited by defendant, have been overruled.

■ Ca. Govt.Code § 6254 is part of the California Public Records Act. Section 6254(f) provides that records of investigations conducted by local police agencies are

---

1. Plaintiff alleges he is "over 60" years of age and has an artificial hip joint.

not open to inspection under the California Public Records Act. The statute does not create a litigation privilege.

■ Ca. Evid.Code § 1040 creates a privilege for official information. Information obtained by a public employee in confidence may be withheld if the public interest in confidentiality outweighs the necessity for disclosure in the interest of justice. The state privilege does not govern these proceedings and, in any event, defendant has not made the required demonstration.

■ Federal common law recognizes an "official information" privilege that embraces investigatory files compiled for law enforcement purposes not otherwise available to the public pursuant to 5 U.S.C. § 552 when disclosure is shown to be contrary to the public interest. Proposed Fed.R.Ev. 509(a)(2), 56 F.R.D. 183, 251 (1972). Section 552(b)(7) exempts from the federal Freedom of Information Act records or information compiled for law enforcement purposes but only to the extent disclosure would interfere with enforcement proceedings, deprive a person of a fair trial, would unreasonably invade another's personal privacy, reasonably might disclose the identity of a confidential informant or national security information, would disclose confidential law enforcement techniques and procedures, or could endanger life. Defendant does not claim that the requested documents are within the federal exemption nor that disclosure is contrary to the public interest.

■ Ca. Penal Code § 832.7 provides that the personnel records of peace officers are confidential and shall not be disclosed in any judicial proceeding "except by discovery." This statute creates no litigation privilege and, in any event, the requested documents are not "personnel" records.

■ Ca. Evid.Code § 1043 provides a procedure for discovery of peace officer personnel records in state judicial proceedings that is not binding upon this court.

Defendant has not demonstrated any statutory or other privacy bar to disclosure of the requested information. *But cf. Dowling*

*v. American Hawaii Cruises, Inc.,* 971 F.2d 423 (9th Cir.1992) ("self-critical analysis" privilege); *Tahoe Ins. Co. v. Morrison–Knudsen Co., Inc.,* 84 F.R.D. 362 (D.Id.1979) (unique responsibility of government to protect public interest without supplying fuel for the fires of litigation foreclosed discovery of opinions of blue-ribbon panel investigating dam failure but not facts or identity of witnesses).

■ Plaintiff contends that defendant waived its attorney-client and work product claims by failing timely to raise them.

Fed.R.Civ.P. 34 provides in pertinent part that upon service of a request for documents a party must within 30 days provide a written response stating the reason for any objection. Fed.R.Civ.P. 26(b)(5) provides that *when* a party withholds information under a claim of privilege the party shall make the claim expressly and shall describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim.

Here plaintiff served his request on defendant on February 10, 1997. Defendant served the response required by Rule 34 about March 18, 1997. One of plaintiff's requests not here in issue sought "all documents relating to the incident." As to this request, defendant asserted attorney-client privilege and attorney work product protection. Because the documents at issue are part of plaintiff's request for "all documents" defendant contends the objections were timely asserted.

I find that defendant satisfied the requirement of Rule 34 to state the reason for an objection within 30 days and the requirement of Rule 26(b)(5) that the privilege claim be made "expressly." Privileges are not nuisances easily discarded; they exist to protect valuable relationships best promoted by endowing them with confidentiality.[2] Traditionally, "waiver" is the intentional relinquishment of a known right. Imperfections unaccompanied by prejudice in defendant's efforts to protect the confidentiality of the

---

2. See *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981).

attorney-client relationship do not support finding waiver.

■ Rule 26(b)(5) also requires the party asserting the privilege to describe the nature of the documents withheld in a manner that enables the requesting party to assess the claim but the rule does not specify *when* the required description must be provided. Here that attempt was first made when the parties began in June to discharge their responsibility pursuant to Rule 37 to confer in good faith to resolve their dispute without judicial intervention.

On June 9, 1997, plaintiff wrote to defendant claiming that the privileges were waived by defendant's failure to provide a "privilege log." Sometime before August 5 defendant provided a description of the documents withheld under claim of privilege from plaintiff's request for documents pertaining to any internal investigation. Defendant advised plaintiff:

> Please note there was no formal internal affairs investigation into claims of excessive force in this case.... All documents previously listed in our privilege log under request for production number 3 are privileged and confidential pursuant to the attorney-client and work-product privileges.[3]

On August 12 defendant further explained:

> The documents contained in the privilege log, for response number three ... specifically are privileged and confidential since they were created in anticipation of litigation. Essentially, these documents were created following Mr. Jackson's filing of the claim with the County of Sacramento.

I find that defendant timely satisfied the "description" requirement of Rule 26(b)(5).

A lawyer's statement that information is being withheld under a claim of attorney-client privilege is an implicit assertion that the information was conveyed in confidence by a client to an attorney for the purpose of facilitating legal services to the client. The assertion of attorney work product protection carries its own implicit assertion about the factual predicate for the claim.[4] In many circumstances this information may be entirely sufficient. It would be a rare case, for instance, that an attorney could not withhold a file of correspondence with his client on the ground that it was privileged without providing a bibliographic "log" of the entire contents. Construing Rule 26(b)(5) in such fashion would undermine the cardinal mandate of Rule 1, which requires the rules be construed and administered to secure the just, speedy, and *inexpensive* determination of every action. Thus the duty to provide the description required by Rule 26(b)(5) is flexible and does not arise until there is a good faith challenge to the privilege claim.

■ Plaintiff contends that faced with plaintiff's challenge defendant has failed to sustain its burden of demonstrating the elements of its privilege claims.

In pertinent part Fed.R.Civ.P. 26(b) provides:

> (3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an

---

3. Defendant does not press this claim *viz.* that the documents in dispute are simply not responsive to the request.

4. Other privileges may require more elaboration; for instance, a claim of "official information" privilege does not inform an adversary whether the information withheld is intragovernmental opinion or recommendation submitted for consideration in formulating a decision or policy, law enforcement investigation files, or state secret.

attorney or other representative of a party concerning the litigation.

Plaintiff argues that none of the documents withheld was prepared *primarily* [5] "in anticipation of litigation" *viz-a-viz* a duty to investigate citizen complaints of police brutality and, in any event, they were not prepared "by or for another party or by or for that other party's representative."

Defendant has described the documents in dispute as follows:

34. Interdepartment correspondence Author: Sergeant Milo Fitch. Recipient: Lt. Christine Hess. Date: July 26, 1966. Subject: Claim by Vessie Jackson Length: One page

35. Interdepartment Correspondence Author: Deputy Al White. Recipient: Lt. Christine Hess. Date: November 16, 1996. Subject: Directed report regarding 96-CL-128. Length: Two pages.

36. Interdepartment Correspondence Author: Phil Henderson. Recipient: Lt. Christine Hess. Date: November 15, 1996. Subject: Claim No. 96-CL-128 Length: One page.

37. Interdepartment Correspondence Author: Lt. Christine Hess Recipient: Phil Henderson and Al White. Date: November 6, 1996. Subject: Claim filed by Vessie Jackson 96-CL-128 Length: One page.

It is undisputed that plaintiff filed a claim for damages in June 1996. Defendant contends that the above-described documents "were created by County of Sacramento claims representatives to process plaintiff's claims" and, therefore, are "patently work product."

It is clear from the bibliographic information provided by defendant that the documents are *not* confidential communications

---

5. Plaintiff points to a statement by the Sacramento County Sheriff that the department "has a well-defined procedure for assisting citizens who wish to voice their grievances against our operations, policies, or employee conduct." Relying upon *Griffith v. Davis*, 161 F.R.D. 687 (C.D.Cal. 1995), plaintiff argues that privileges do not attach to communications unless they were primarily made for the protected purpose and that as the Sheriff had undertaken a commitment to investigate complaints neither the attorney-client privilege nor work product protection attached to communications made in the course of the investigation. For the reasons stated in the text it is unnecessary to reach this contention. I note, however, that plaintiff did not request assistance to voice a grievance; he filed a claim for compensation. Further, the decision in *Griffith* is not binding upon this court. Yet further, it is wrongly decided. That case involved suit against the United States and an I.R.S. agent named Davis who shot and killed plaintiffs decedent. The agent requested representation by the Justice Department, the Justice Department requested the agency to investigate and prepare a report to aid Justice Department lawyers assigned to defend the United States and possibly Davis and the agency conducted its own investigation of possible misconduct. Another I.R.S. agent, Rabatin, was responsible both for the agency's internal investigation and for the report requested by Justice. Davis made disclosures in a meeting with his own attorneys, Rabatin, and another I.R.S. agent that he was assured would be kept confidential. Davis testified that he thought he and the United States were conducting a joint defense of the action, that the requested information was pertinent to his request for representa-

tion by the Justice Department but also that the I.R.S. expected him to made a statement in connection with the agency's own internal investigation. The magistrate in *Griffith* seized upon Davis' concession that he was expected to assist the I.R.S. internal investigation and found that the conversation was not privileged because it was not made *primarily* for the purpose of obtaining legal advice. The magistrate's analysis was out of focus. The question is whether a confidential disclosure was made "in order to obtain legal assistance" or, put another way, whether the disclosure would have been made in any event. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). The question is not what the "primary" reason for the disclosure was and, in any event, there was no evidence of what *primarily* motivated Davis. The apt question was whether Davis would have disclosed confidences to an employer investigating possible disciplinary charges against him if he had not been assured his statements would be kept in confidence *and* he had no reasonable cause for believing his cooperation was necessary to obtain representation by the Justice Department *and* no reasonable cause to believe the information would not be used exclusively for a joint defense. Indeed, had the Justice Department denied his request for representation and pursued a defense of the United States that was adverse to Davis' interests in the matter there would have been absolutely *no* motivation to cooperate in the agency disciplinary proceeding and Davis likely would have been immune from discipline at least pending the litigation outcome. The decision in *Griffith* also gave short shrift to application of the government's claim to self-critical analysis privilege.

between client and attorney. No attorney made or received any of the communications. It is equally clear that, contrary to defendant's unsupported contention, they were *not* "created by County of Sacramento claims representatives." Four were created by sheriff's deputies. One was created by Phil Henderson but there is no evidence *who* he is.

Defendant has not sustained its burden of demonstrating that the information withheld is within the attorney-client privilege or attorney work product protection.

Accordingly, defendant's objections to plaintiff's request for files and records of defendant's "internal investigations" of the alleged incident are overruled.

█ Fed.R.Civ.P. 26(b)(2) authorizes the court, on its own initiative *after reasonable notice,* to limit the use of discovery otherwise permitted upon a determination that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R.Civ.P. 1 instructs that the rules must be construed and administered to secure the just, speedy, and inexpensive determination of every action. *See also Herbert v. Lando,* 441 U.S. 153, 175, 99 S.Ct. 1635, 1648, 60 L.Ed.2d 115 (1979) (district judges should not hesitate to limit discovery to avoid undue expense).

The second category of information sought by plaintiff-Deputy White's personnel records-apparently relates to defendant county's potential derivative liability for the alleged misconduct by the deputy sheriff. The foregoing rules counsel against imposing upon defendant the expense of investigating derivative liability at this stage of the proceedings when the facts upon which the claims of wrongdoing are so little developed. Even if the deputy sheriff pushed plaintiff, it is by no means obvious that § 1983 liability follows. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 1871–72, 104 L.Ed.2d 443 (1989) (" '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a

judge's chambers,' ... violates the Fourth Amendment" (citation omitted)). Accordingly, I am inclined to deny plaintiff's request to compel disclosure of information pertinent only to derivative liability issues until the facts relevant to plaintiff's allegations of direct wrongdoing are better developed and, thus, deny plaintiff's motion to compel disclosure of personnel records without prejudice to renewal later on a fuller record.

If plaintiff objects to this disposition, plaintiff may file a supplemental brief within five days after service of this order and defendant may respond within three days after receipt of plaintiff's submission. At the conclusion of the time allowed for additional briefing, the matter will be submitted for decision upon the papers or, if plaintiff does not timely object, this order will become my final disposition of plaintiff's motion filed July 15, 1997.

So ordered.