Macario Belen DAGDAGAN, Plaintiff,

v.

CITY OF VALLEJO, et al., Defendants.

No. CIV S–08–0922 GEB GGH.

United States District Court,
E.D. California.

Dec. 15, 2009.

Order on Reconsideration Jan. 29, 2010.

Peter W. Alfert, Hinton, Alfert & Sumner, Walnut Creek, CA, Todd Boley, Attorney at Law, Oakland, CA, for Plaintiff.

Alan M. Cohen, City Attorney's Office, Vallejo, CA, John Robert Whitefleet, Terence John Cassidy, Porter Scott, APC, Sacramento, CA, Peter W. Alfert, Hinton, Alfert & Sumner, Walnut Creek, CA, for Defendants.

## ORDER

GREGORY G. HOLLOWS, United States Magistrate Judge.

### Introduction

On November 6, 2009, this court issued a summary order concerning plaintiff's motion to compel, and indicated that a more detailed order [and memorandum] would follow. The court will expand its analysis in two areas:

1. Production of internal affairs reports related to complaints in other matters;

2. Use of a defendant's employee by plaintiff for purposes of acquiring expert testimony.

### Background

Plaintiff alleges in this case that the individual police officers entered his residence without a warrant or probable cause. During the events that followed, plaintiff was tasered, and according to plaintiff, subjected to excessive force such that his neck was broken rendering him permanently disabled. Further, plaintiff alleges that the City itself is liable for improper supervision, training, and because it ratified the officer's actions. Plaintiff seeks relief pursuant to 42 U.S.C. section 1983 as well as various state law claims. Defendants deny plaintiff's allegations; however, the substance of plaintiff's case has not been dismissed up to this point.

### Discussion

#### A. Internal Affairs Reports

Plaintiff sought internal affairs reports relating to citizen complaints alleging excessive force and unlawful entry (Request for Production 22). The City objected on grounds that responding would violate "confidential" and "privacy" privileges. The City also related, not waiving objections, that it did not organize citizen complaints by year, and therefore, no production could be required.

During the meet and confer, and again at hearing, the City's problems with ascertaining citizen complaints by year dissipated. The court determined at hearing that the City would be required to allow plaintiff's counsel to view citizen complaints filed in the previous two years.[1] Plaintiff's counsel was to identify those files of interest, and the City would provide those files for in camera review. A number of complaints were present-

---

1. The City correctly interpreted the summary order in light of the discussion at hearing, and produced complaints filed two years prior to the filing of suit.

ed to the court; the undersigned has reviewed every one of them.

The court is unsure that the City maintains its confidentiality objection in that it was not briefed and referenced only by the vaguest citation to the Federal and State constitutions. To the extent that the City has maintained such an objection pursuant to *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir.1990), it has been waived for insufficient support. *Kerr v. United States District Court (N.D.Cal.)*, 511 F.2d 192, 198 (9th Cir.1975).

The court notes the obviousness of the privacy objection, and that the City is raising such on behalf of individuals in its capacity as holder of the documents. In cases presenting 42 U.S.C. § 1983 civil rights claims concurrently with state law claims, courts disagree about the extent to which state privilege law remains applicable in discovery disputes. The Supreme Court explicitly noted in *Jaffee* that the issue is unsettled. *Jaffee v. Redmond*, 518 U.S. 1, 15 n. 15, 116 S.Ct. 1923, 1931, 135 L.Ed.2d 337 (1996) (noting disagreement concerning the proper rule in cases in which both federal and state claims are asserted in federal court). This court has found that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes. *See Pagano v. Oroville Hospital*, 145 F.R.D. 683, 687 (E.D.Cal.1993); *Martinez v. City of Stockton*, 132 F.R.D. 677, 681–83 (E.D.Cal.1990); *Cook v. Yellow Freight*, 132 F.R.D. 548 (E.D.Cal.1990). Other courts, however, disagree. *See*, e.g., *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D.Cal.1997) (stating that *Pagano/Martinez/Cook* have been overruled).[2]

*Pagano* at 698 described useful criteria to judge whether a privacy interest is unduly infringed. In this case, the encroachment on the privacy of others is substantial in that most associated with the process, especially the officers, understand that a certain degree of confidentiality will attach to the complaint process. Moreover, the undersigned is perplexed about the usefulness of complaint information in this litigation. Surely, for *Monell* purposes, plaintiff must demonstrate some type of deficient policy, be it by pattern or ratification, in order to recover against the City entity. That is often accomplished, if possible, by demonstrating repeated instances of deficient conduct. Nevertheless, a review of the various complaints submitted to the undersigned demonstrate facts discrete to each complaint situation and varying individual officers against whom the complaint has been made.[3] Although the complaints have a common theme, the allegedly volcanic, enraged citizen versus the allegedly control-freak police officers, sorting out the truth of these themes in this litigation to establish any accurate pattern would involve an unreasonable expenditure of resources with costs imposed on the privacy of those involved in the singular instances. Finally, reviewing all the complaints indicates that the City does take seriously claims of police misconduct;

**2.** *Jackson* is, respectfully, simply wrong in its proposition that *Jaffee* overruled *Pagano*, *Martinez*, and *Cook*. For starters, the cases were not referenced by *Jaffee*. More importantly, *Jaffee* itself expressly noted the disagreement on the extent to which federal privilege law was informed by its state law counterpart, and expressly held that it would not rule on the issue. "We note that there is disagreement concerning the proper rule in cases such as this in which both federal and state claims are asserted in federal court and relevant evidence would be privileged under state law but not under federal law.... we express no opinion on the matter." *Jaffee*, 518 U.S. at 15 n. 15, 116 S.Ct. at 1931. *Jackson* is based on the questionable premise that the Supreme Court's determination not to consider an issue impliedly overrules cases discussing the issue. The cases that have followed *Jackson's* erroneous interpretation of *Jaffe*, seemingly without reference to footnote 15 in *Jaffe*, are likewise flawed in this respect. *See Folb v. Motion Picture Indus. Etc.*, 16 F.Supp.2d 1164 (C.D.Cal.1998); *Humphreys v. Regents of University of Cal.*, 2006 WL 335275 (N.D.Cal.2006).

**3.** The situations described in the various complaints, by and large, did not involve conduct inside someone's residence, often involved citizens under varying states of intoxication, and involved different instigating factors. The undersigned is not finding that the police officers used perfect control techniques in every situation, or did not confuse rudeness/brusqueness for appropriate control, but it will be nearly impossible to ferret out the true facts—facts which are collateral to the factual issues in this litigation.

nothing in the review process establishes even a fair possibility of white washing untoward conduct on the part of police officers.

For all of the above reasons, plaintiff's request to compel production of the complaints submitted for in camera review is denied.

### B. *Expert Questions Directed to an Employee of a Party Adversary*

■ Plaintiff's counsel noticed "persons with knowledge" deposition pursuant to Fed. R.Civ.P. 30(b)(6), i.e., supervisors within the City of Vallejo Police Department. However, plaintiff's counsel did not limit his questions to factual matters within the purview of these witnesses, but asked them opinion questions on issues pertinent to this case which would only be appropriate for those retained outside or inside experts who had reviewed the case for purpose of testifying to such opinions in the litigation.

For example:

Q. ... Now, was the officers' decision to enter the apartment without a search warrant and arrest warrant consistent with the training given by the Vallejo Police Department?

Q. Based on the training you received, may an officer arrest an individual in their own home without a warrant in the absence of exigent circumstances?

4. "It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." *Advisory Committee Notes, Rule 26 subd.* (b)(4), 1970 Amendments.

5. "Subdivision (b)(4)(A) provides for discovery of an expert who is to testify at the trial. A party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give. The court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse. Ordinarily, the order for further discovery shall compensate the expert for his time, and may compensate the party who intends to use the expert for past expenses reasonably incurred in obtaining facts or opinions from the expert. Those provisions are likely to discourage abusive practices.

Q. An individual who clenches his fists near his waist but does not swing or strike at an officer, would that person qualify under the definition of passive resister?

■ The Federal Rules of Civil Procedure distinguish between those persons who are designated, testifying experts and those persons with expertise, not designated as testifying experts, who have performed some act in the normal course of their job duties, or who have some training in the issue at bar, pertinent to the facts of the litigation based on their expertise. The former persons must be designated as Rule 26 experts and must prepare a report setting forth their opinions and the bases therefore. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1212–1213 (9th Cir.2008). Other non-designated persons with expertise who performed an act based on that expertise that has significance to the litigation may be asked what they did and why they did it, and what they based the action upon, but the inquiry is limited to those past acts. *Moran v.Pittsburgh-Des Moines Steel Co.*, 6 F.R.D. 594 (W.D.Pa. 1947).[4] Finally, even retained experts, much less employees of the entity defendant, are immune from Rule 26 expert inquiry if they have not been designated by a party to testify as an expert. *Mantolete v. Bolger*, 96 F.R.D. 179, 181–182 (D.Ariz.1982).[5]

Subdivision (b)(4)(B) deals with an expert who has been retained or specially employed by the party in anticipation of litigation or preparation for trial (thus excluding an expert who is simply a general employee of the party not specially employed on the case), but who is not expected to be called as a witness. Under its provisions, a party may discover facts known or opinions held by such an expert only on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Subdivision (b) (4)(B) is concerned only with experts retained or specially consulted in relation to trial preparation. Thus the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary procedure, a party may on a proper showing require the other party to name experts retained or specially employed, but not those informally consulted." *Advisory Committee Notes, Rule 26 subd.* (b)(4), 1970 Amendments

Take for example, the non-retained treating physician. This person may be asked about diagnoses of record and treatment performed; he may even be asked about a predictive opinion recorded in the records; but he may not be asked to opine on expert matters in an abstract or hypothetical sense.[6] If this were not the rule, any party to a litigation could hijack in-house or third party experts for free, and compel them to give the retained Rule 26 experts' testimony they would otherwise have to pay for. In the situation of a party's employee, a deposing counsel's roaming about the entity seeking opinions for use in the litigation makes a bad situation even worse. There may well be attorney-client or work product problems that are encountered in addition to the unfairness. And, the fact that a witness has been improperly designated pursuant to Rule 30(b)(6) to answer expert type questions does not make the questions any more appropriate.

Plaintiff cites *Detoy v. City, County of San Francisco,* 196 F.R.D. 362 (N.D.Cal.2000) for the proposition that he is allowed to ask Rule 30(b)(6) designated employees expert type questions related to the case. The case does not stand for that proposition. The issues in that case revolved about straying outside the Rule 30(b)(6) notices giving the areas/topics for designated testimony, and the propriety of issuing instructions not to answer during a deposition for exceeding the topics described in the notices. Neither of these two areas have been briefed to the undersigned for resolution.[7] Although, in *Detoy* at 365, there was a bare, general reference to one outside-the-designated-area for testimony related to hypotheticals, and an instruction not to answer, the court did not in any way detail the questions asked, nor did it opine on the propriety of asking the questions in the first place (whatever they were). Indeed, the explicated areas of testimony at issue in *Detoy* were precisely the type of fact questions which would be appropriately asked of a Rule 30(b)(6) deponent.

The undersigned correctly determined here that the questions at bar were inappropriate retained expert type questions. No follow-up deposition will be ordered to ask the inappropriate questions.

*Conclusion*

The undersigned's rulings in the summary order are explained and confirmed.

## ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION

On December 23, 2009, Plaintiff filed a request for reconsideration of the magistrate judge's order filed on December 15, 2009, in which Plaintiff's motion to compel the City of Vallejo (the "City") to produce certain internal affairs complaints and to compel the City's "Rule 30(b)(6)" witness to answer certain deposition questions was denied. (Docket No. 56.) The City did not file a timely opposition.[1] For the reasons stated below, Plaintiff's motion to compel is GRANTED AND DENIED IN PART.

### I. STANDARD OF REVIEW

As stated in *Coleman v. Schwarzenegger,*

"Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district

---

6. For example—Dr. Treating Physician (not designated by a party to give opinions for the purpose of the litigation), having reviewed the file, do you think the cause of the ailment was exposure to Agent Orange? Or, Dr. Treating Physician, tell me all you can about the possibility of cancer being linked with Agent Orange? These questions are decidedly improper. On the other hand, *if* Dr. Treating Physician had previously opined in the records in connection with the treatment that he believed the cause of the ailment was linked to Agent Orange, he could certainly be asked why he wrote that.

7. It may well be however, that counsel who seek free expert, Rule 26 type opinions from an adversary's non-designated employees for use in the litigation are engaging in actions which would warrant the termination of a deposition and the seeking of a protective order.

1. Under Local Rule 303(d), an "[o]pposition to [a] request [for reconsideration] shall be served within seven (7) days after service of the request." E.D. Cal. R. 303(d). The City, however, did not file an opposition until January 26, 2010, nearly a month after it was due. Since the City has not shown its late filing should be considered, it is disregarded.

judge. The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is 'found to be clearly erroneous or contrary to law.'

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the 'clearly erroneous or contrary to law' standard of review." No. CIV S–90–0520 LKK JFM P, 2008 WL 2468492, at *1 (E.D.Cal. June 17, 2008); *see also* E.D. Cal. R. 303(c). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact [while] legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris, Inc.,* 189 F.R.D. 418, 421 (C.D.Cal.1999). A ruling is "contrary to law" "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Woodford,* No. CV F 08–415 LJO DLB PC, 2009 WL 3841868, at *1 (E.D.Cal. Nov. 17, 2009) (quotations and citations omitted). The party requesting reconsideration must "specifically designate the ruling, or part thereof, objected to and the basis for that objection." E.D. Cal. R. 303(c).

## II. BACKGROUND

Plaintiff alleges in his first amended complaint that Vallejo police officers violated his Fourth Amendment rights when they entered his apartment without a warrant, woke him up while he was in bed asleep, questioned him, arrested him, and employed excessive force in effectuating the arrest. (First Amended Compl. ("FAC") ¶¶ 10, 28.) Plaintiff also alleges state law claims of trespass, battery, false arrest, intentional infliction of emotional distress, negligence and violation of California Civil Code section 52.1 against the individual officers. (FAC ¶¶ 33–50.) Additionally, Plaintiff alleges the City is liable under 42 U.S.C. § 1983 for "fail[ing] to maintain adequate policies or conduct adequate training to prevent violations of the Fourth Amendment" and for being "deliberately indifferent to the demonstrated propensity of [defendant police officers] to violate the constitutional rights of citizens ...." (FAC ¶ 31.)

On October 27, 2009, Plaintiff filed a motion under Federal Rule of Civil Procedure 37 to compel the City to produce certain internal affairs complaints and to compel Sergeant Miller to provide responses to certain deposition questions. A joint statement was filed on November 2, 2009, outlining the parties' discovery disputes. The magistrate judge heard Plaintiff's motion on November 5, 2009, issued a summary order on November 6, 2009, granting and denying in part Plaintiff's motion, and explained and confirmed that ruling in an order filed on December 15, 2009.

## III. DISCUSSION

### A. Plaintiff's Motion to Compel Production of the Internal Affairs Complaints

Plaintiff requests reconsideration of his motion to compel a response to production "Request 22." Plaintiff originally sought in this request, an order compelling the City to produce "[a]ll complaints filed with the internal affairs division of the Vallejo Police Department in the five years preceding the incident [with Plaintiff,] alleging that officers of the Vallejo Police Department utilized excessive force or unlawfully entered a residence." (Mot. to Compel 11:7–11.) The magistrate judge issued an order on November 6, 2009, instructing the parties:

> Within fourteen days ...., [P]laintiff shall be allowed to view Internal Affairs Division complaints filed in the last two (2) years. Plaintiff shall designate the cases he wants produced. Within five days after plaintiff has designated these cases, defendant shall provide the court with the complaint case files for an in camera review. Plaintiff shall make no copies, take no notes, and not contact anyone referenced in the reports, until the court has reviewed the case[ ]files and made a determination.

(Summary Order November 6, 2009 2:9–14.) Plaintiff designated a number of complaint files and submitted them to the magistrate judge for in camera review. However, the magistrate judge denied Plaintiff's motion to compel production of the files in an order

filed December 15, 2009, ruling that although the City had waived the federal privilege for official information due to "insufficient support," California privilege law was applicable and barred production of the internal affairs files at issue.

Plaintiff argues after the magistrate judge concluded the City had "waived any privilege under federal law," the inquiry should have ended and Plaintiff's motion to compel should have been granted. (Request for Reconsideration 3:4–5.) Plaintiff argues it was "contrary to law" for the magistrate judge to invoke and apply California privilege law under the circumstances. (*See id.* 3:27–5:2.) Only the designated complaints for the two year period submitted to the magistrate judge for in camera review are at issue in Plaintiff's request for reconsideration, since the magistrate's summary order limiting the scope of discoverable complaints has not been challenged.

■ Federal Rule of Evidence 501 prescribes that "the privilege of a ... government, State or political subdivision ... shall be governed by the principles of common law as they may be interpreted by the courts of the United States .... However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a ... government, State or political subdivision ... shall be determined in accordance with State law." But "[w]here there are federal question claims and pendant state law claims present, the federal law of privilege applies." *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir.2005) (declining to recognize federal peer review privilege in the context of the death of a prisoner and finding state privilege law inapplicable). In such federal question cases, "the law of privilege is governed by 'the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n. 10 (9th Cir.1992) (refusing to apply California litigation privilege in copyright action with pendant state law claims); *see also Folb v. Motion Picture Indus. Pension & Health Plans,* 16 F.Supp.2d 1164, 1169 (C.D.Cal.1998), *aff'd,* 216 F.3d 1082 (9th Cir.2000) (stating "the federal common law of privileges governs both federal and pendent state law claims in federal question cases"). Therefore, in this case, despite the pendent state law claims, the federal common law of privilege is controlling. *See Agster,* 422 F.3d at 839.

■ "Federal common law recognizes a qualified privilege for official information." *Smith v. Crones,* No. 2:07–cv–00964 ALA (P), 2009 WL 2914157, at *2 (E.D.Cal. Sept. 9, 2009) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir. 1975)). "Government personnel files are considered official information" that may be protected by this privilege. *Id.* (citing *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir.1990)). However, "[t]he party asserting the privilege must properly invoke the privilege by making a substantial threshold showing. That party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested in the affidavit." *Id.* (quotations and citations omitted). The affidavit must include certain information, and "[i]f the court concludes [the] submissions are not sufficient to meet the threshold burden, it may order disclosure ...." *Id.*

■ The magistrate judge found that the City waived the federal official information privilege "for insufficient support." However, the magistrate concluded that "state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes" and denied Plaintiff's motion to compel production of the internal affairs complaints at issue. Therefore, the magistrate judge apparently relied on California privilege law in denying Plaintiff's motion.

■ However, this resort to state law was "contrary to law." While "the Court may look to state law to fill in gaps in federal common law, ... state law cannot supply the rule of decision.... [S]tate privilege law is only applicable in so far as [it] ... can be used as a guide to [develop the] federal [common law of] privilege ...." *Speaker v. Coun-*

*ty of San Bernardino* 82 F.Supp.2d 1105, 1109 (C.D.Cal.2000); *see also Lewis v. United States,* 517 F.2d 236, 237 (9th Cir.1975) (stating that "[i]n determining the federal law of privilege in a federal question case, absent a controlling statute, a federal court may consider state privilege law[,] . . . [however,] the ruling ultimately adopted, whatever its substance, is not state law but federal common law."). Since the federal common law of privilege already recognizes a privilege for official information, applicable to the government files involved in this case, there was no need to look to state law to develop the federal common law. *See Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir.2000) (finding district court did not abuse its discretion in allowing limited discovery of police department personnel files under the federal official information privilege); *see also Chatman v. Felker,* No. CIV S–03–2415 JAM KJM P, 2009 WL 173515, at *9 (E.D.Cal. Jan. 23, 2009) (overruling defendants' objections to discovery on the grounds that they failed to satisfy the threshold showing for invoking the official information privilege and refusing to look to state law); *Thomas v. Hickman,* No. 1:06–cv–00215–AWI–SMS, 2007 WL 4302974, at *4–5 (E.D.Cal. Dec. 6, 2007) (same).

 Since the City failed to make the necessary showing to invoke the federal official information privilege, Plaintiff's motion to compel production of the designated internal affairs complaints is GRANTED.

## B. Plaintiff's Motion to Compel the Deposition Testimony of the City's Rule 30(b)(6) Designee

The remainder of Plaintiff's reconsideration motion challenges the magistrate judge's refusal to compel Sergeant John Miller, the City's designated witness under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"), to answer certain deposition questions defense counsel instructed him not to answer. The City designated Sergeant Miller to respond to Plaintiff's Rule 30(b)(6) notice to depose "persons with knowledge" concerning the training given to Vallejo police officers on search and seizure procedures, the use of force, and specifically, the use of tasers. During Sergeant Miller's deposition, the City's counsel instructed Sergeant Miller not to answer the following questions, objecting on the grounds that the questions improperly sought an expert opinion and/or were outside the scope of the Rule 30(b)(6) designation:

Q. . . . [W]as the officers' decision to enter the apartment without a search warrant and arrest warrant consistent with the training given by the Vallejo Police Department?

Q. And what is your understanding of the circumstances under which an officer may enter a residence without an arrest warrant or a search warrant?

Q. . . . [B]ased on your understanding of the training you received while employed by the Vallejo Police Department, may a police officer investigate a crime after he or she has entered a residence pursuant to the community caretaking function?

Q. Based on the training you received, may an officer arrest an individual in their own home without a warrant in the absence of exigent circumstances?

Q. [T]he question is, if the individual is not actively resisting being taken into custody but is clenching his fists near his waist, would that person qualify as a passive resister in the policy as [you] understand[ ] it.

(Joint Statement Re Discovery 32:22–33:14, 35:12–14, 37:6–14, 39:2–8, 41:21–42:1.)

The magistrate judge denied Plaintiff's motion to compel responses to these questions, ruling in pertinent part: "that the questions at [issue are] inappropriate expert type questions." (December 15 Order 7:8–9.) The magistrate judge further noted that "[P]laintiff's counsel did not limit his questions to factual matters within the purview of [the] witness[ ], but asked [him] opinion questions on issues pertinent to the case which would only be appropriate for those retained outside or inside experts who had reviewed the case for purposes of testifying to such opinions in the litigation." (*Id.* 4:15–19.)

Plaintiff argues "[t]he fundamental error in [the magistrate judge's order] is [his] characteriz[ation of] the questions at issue as

seeking an expert opinion." (Request for Reconsideration 8:26–27.) Plaintiff further posits the magistrate judge's "[o]rder improperly limits the scope of deposition questions [since] [o]nce a party produces a designee witness, the scope of the deposition is determined solely by relevance under Rule 26 ...." (*Id.* 9:24–26) (quotations and citations omitted).

The parameters of discovery in a federal action are set by Federal Rule of Civil Procedure 26(b) which provides that "[u]less otherwise limited by court order ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). However, Federal Rule of Civil Procedure 26(b)(2)(C), authorizes the court "on its own," to limit the "the discovery sought" if it "can be obtained from some other source that is more convenient [or] less burdensome" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R.Civ.P. 26(b)(C)(i), (iii). "Yet all discovery, and federal litigation generally, is subject to [Federal Rule of Civil Procedure] 1, which directs that the rules be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Quiksilver, Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 582 (C.D.Cal.2007) (quotations and citations omitted).

Most of the questions Plaintiff posed to Sergeant Miller would likely elicit answers that would be inadmissible at trial or excluded on a motion since Plaintiff's questions are overly vague, call for speculation, or seek an expert opinion from a lay witness. Further, it appears that the answers Plaintiff seeks could be obtained more directly from other sources, including Plaintiff's own retained expert. Therefore, notwithstanding any difficulty Plaintiff may encounter in attempting to obtain this information elsewhere, the bur-

den of this discovery outweighs its likely benefit, considering its import to the issues involved in this case. Accordingly, compelling Sergeant Miller to sit for another deposition so that Plaintiff can propound the subject questions runs afoul of the commands of Federal Rule of Civil Procedure 1. Therefore, the magistrate judge's refusal to compel Sergeant Miller to provide answers to Plaintiff's deposition questions was not contrary to law and this portion of Plaintiff's motion is DENIED.

## IV. CONCLUSION

For the stated reasons, Plaintiff's motion to compel production of the designated internal affairs complaints from the two year period outlined by the magistrate judge is GRANTED. However, Plaintiff's motion to compel answers to the deposition questions is DENIED.